526 So.2d 110 (1988)
Vincent DISTEFANO, Appellant,
v.
STATE of Florida, Appellee.
No. 87-87.
District Court of Appeal of Florida, First District.
April 6, 1988.
On Rehearing June 8, 1988.
*111 Joel M. Cohen, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Vincent Distefano, appeals his conviction for a lewd and lascivious act upon a nine-year-old child (S.D.). He raises two issues for our consideration, only one of which merits discussion. Appellant contends that the trial court erred in admitting in evidence the child's out-of-court account of the sexual incident where the state failed to adequately comply with the notice requirement in section 90.803(23), Florida Statutes (1985). More specifically, he asserts that the notice lacked information indicating that the child's statements were trustworthy and that in fact her statements were not trustworthy. We affirm.
About two weeks before trial, the state gave written notice to appellant of its intent to rely on the child's out-of-court accounts of the sexual incident, describing the hearsay evidence to be introduced as follows:
1. Video and audio tape recording of the interview of the victim, [S.D.], taken by the Child Protection Team concerning the incident which supports this cause of action and was taken on October 16, 1986.
2. On October 14, 1986, the day of the alleged crime, the victim, [S.D.], told her mother, Denise Erickson, that the defendant had placed her on his couch, pulled her panties down and kissed and licked her private parts and that he took *112 his pants down, braced himself over her and touched her legs with his male part.
On the same date as the trial was scheduled to commence, appellant filed a motion to exclude the hearsay testimony on the ground that the state's notice was deficient under the statute, section 90.803(23), in that it failed "to include the circumstances surrounding the statements which indicate their reliability and any other particulars necessary to provide full disclosure of the statements." Just before commencement of the trial, the court conducted a hearing on the motion, at which counsel for appellant asserted his inability to adequately prepare to meet the testimony since the notice did not inform him of any indicia of reliability. The state responded by informing the court that several weeks prior to receiving the notice, defense counsel had viewed the videotape and deposed the victim's mother for two hours during which time he inquired extensively into the child's statements made on the date of the incident. The state also informed the court that defense counsel had never requested a statement of additional particulars, even though he had received oral notice several days prior to the requisite written notice.
In finding that the notice was sufficient, the trial court stated:
I think there is no question that the intent to offer is there, the time is there. The question is whether or not the contents of the child's statements or the circumstances that surround are there. There are two things they intend to offer. First of all, the video and audio tape recording of the interview that's been given of the child taken by the Child Protection Team. Although it's not real specific, I think it adequately notifies the defendant of the circumstances there. And I especially take that in light of the fact that the defense has viewed that and seen the tape earlier, much earlier in the discovery process.
As it relates to the second item, the child's statement is to her mother, the State does go into more detail there as to the contents of the child's statement, and what seems to be not as clear there might be the circumstances that surrounded her telling her mother those things. Inasmuch as you have taken the mother's deposition and you have fully explored that on the deposition, you're well aware of what they intend to offer in that regard.
The trial court then conducted a hearing to determine whether the hearsay statements were sufficiently reliable to be admitted at trial. The three witnesses who testified were the victim, S.D., the victim's mother, Denise Erickson, and the interviewer for the Child Protection Team, Linda Edwards.
S.D. testified that she was ten years old. She defined the truth as "something that  that you tell that's right, that's correct," which is the opposite of a lie. She admitted that she had lied lots of times (without clarifying what she meant by "lots") for which she had usually been spanked.
Denise Erickson testified that she granted S.D. permission to spend the night with appellant, who was their next door neighbor, but that he brought her back home about 10:00 p.m. because she claimed to be homesick. She stated that appellant remained in their home for a few minutes, and that immediately after his departure, the following conversation with her daughter took place:
I turned to [S.D.] and I said, "[S.D.], I can't believe you got homesick." And she had her head down, and she began pouting. Her eyes watered up a little bit. She said, "It's not that, Mom," and I said, "What was it?" And she began to cry and she said, "It's Dusty [appellant], he touched my privates."
The mother also testified that she had told S.D. about the dangers of child molesting and that S.D. knew what her "private parts" were. On cross-examination, the mother testified that S.D. told her story within 3-5 minutes after being returned home which contradicted her deposition testimony that appellant had remained in their home 5-10 minutes.
Linda Edwards testified that she was a senior case coordinator for the Child Protection Team and that she had interviewed *113 S.D. on videotape two days after the incident. She stated that the mother brought the child to the office but remained in the waiting room during the videotaped interview. She testified that the child was not asked any questions before the interview and that during the interview the only persons present were the child and the interviewer. She indicated that the interview room contained a two-way mirror behind which the video equipment was operated in the adjoining room by another case coordinator.
In finding that the proffered statements were reliable, the trial court stated:
[T]he child appears to have a reasonable understanding of what's true and what's false. She appears to have ... typical maturity for a 10-year-old who would generally be able to tell the truth and know the truth. She seems to be bright enough to relate what occurred. The child immediately reported the offense, not leaving much time for fabrication. I think that's a very significant factor. Concedes [sic] to the defense that it was 10 minutes long, that's still reporting it right after she was brought home. Even if it had been a half hour, I think it still would be reasonably close enough to report rather than waiting until the next day or a week or something like that. The child's emotional state when she told her mother, she seemed to be visibly upset. I think her emotional state is indicative of her relating truthfully what she felt happened to her at that time. Her recollection of other facts or data of things that occurred that were not directly related to any touching or anything, I think is indicative of the fact that she was aware and appreciated what was going on there at the time. I think the fact that the mother had previously discussed private parts and sort of what to look out for is indicative of the fact that the child might be able to adequately relate what had occurred to her.
There doesn't appear to be any evidence of coaching on the videotaped deposition. It seems to have been taken precaution. [sic] I think both statements for those reasons are admissible.
Section 90.803(23), Florida Statutes (1985), creates a limited exception to the hearsay rule for reliable statements of victimized children eleven or less who describe the act of abuse. Before the child's extra-judicial statements may be used, however, the prosecutor must inform the defendant of his intention to offer the statements at trial. Section 90.803(23)(b) states:
In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
In creating this provision, the Florida Legislature implicitly recognized that hearsay evidence is not inherently trustworthy, and that the admissibility of such statements in child sexual abuse cases, if in fact untrustworthy and ultimately believed by a jury, would deprive a defendant of his right to a fair trial, particularly where the alleged victimized child was unavailable for cross-examination at the trial. The notice requirement is one method selected by the Florida Legislature to prevent abuse of the newly-created hearsay exception. When the prosecution fails to provide adequate notice, it becomes more difficult for the defendant to attack the trustworthiness of the extra-judicial statement and this safeguard is frustrated.
From a review of the record in the present case, we find that the state attorney did not satisfy the notice requirement contained in the above subsection. Except for a reference to the names of the persons to whom the statements were made, the notice contains absolutely no details indicating that the statements were trustworthy. For purposes of the above subsection, statements made to a Child Protection Team member are not presumed to be reliable. *114 Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). In addition, the notice completely lacks any mention of the content of the child's statement to the CPT counselor.
Section 90.803(23)(b) does not specify whether, or under what circumstances, the statement may still be admitted despite the prosecution's failure to comply with the notice requirement, as happened here. For guidance in resolving this issue, we look to analogous areas of the law. With respect to discovery violations generally, a defendant is not entitled to have his conviction reversed unless the record discloses that noncompliance with the rule resulted in prejudice or harm to him. Richardson v. State, 246 So.2d 771 (Fla. 1971). In order to make that determination, the trial judge must conduct what has come to be known as a Richardson inquiry; i.e., the judge must conduct a hearing at which the state attorney has the burden of proving that the defendant was not prejudiced by the error. Richardson v. State, supra; Wilcox v. State, 367 So.2d 1020 (Fla. 1979); and Brown v. State, 485 So.2d 413 (Fla. 1986). A Richardson inquiry is designed to ferret out procedural prejudice resulting from the prosecutor's noncompliance with the discovery rules. The trial judge must first decide whether the discovery violation prevented the defendant from properly preparing for trial and, secondly, he must determine a just and proper sanction to be invoked for any discovery violation. Wilcox v. State, supra.
Since the notice at issue herein is procedural in nature, in that it is designed to inform the defendant of certain evidence that the state anticipates using at trial and to give the defendant an opportunity to meet the evidence, we are persuaded that Richardson and its progeny are relevant. We, therefore, hold that a defendant is entitled to a "Richardson-type" inquiry when the state fails to comply with the notice requirement under section 90.803(23)(b).
In support of our holding, we observe that the notice requirement here is similar to that under section 90.404(2)(b) relating to similar fact evidence. That provision likewise is silent as to the consequences for noncompliance with the notice requirement. Although the courts have not expressly addressed the issue of the applicability of a Richardson inquiry in this context, a leading commentator on Florida evidence has indicated that such an inquiry is appropriate and should be conducted. C. Ehrhardt, Florida Evidence at p. 141 (2d ed. 1984).
We observe also that the notice requirement under section 90.803(23) is similar to that under Rules 803(24) and 804(b)5 of the Federal Rules of Evidence. These are known as the federal residual hearsay exception rules which state in pertinent part:
[A] statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
In construing the above language, most of the federal courts have either expressly or implicitly held that failure to comply with the notice requirement is not fatal so long as the party against whom the statement is offered suffered no harm and was given a fair opportunity to meet the statement (for example, the party was offered a continuance, did not request a continuance, or had the statement in advance and anticipated its introduction at the trial). E.g., see U.S. v. Scrima, 819 F.2d 996 (11th Cir.Fla. 1987); U.S. v. Brown, 770 F.2d 768 (9th Cir.Wash. 1985), cert. den., 474 U.S. 1036, 106 S.Ct. 603, 88 L.Ed.2d 581 (U.S. 1985); Furtado v. Bishop, 604 F.2d 80 (1st Cir.Mass. 1979), cert. den., 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (U.S. 1980); U.S. v. Bailey, 581 F.2d 341 (3rd Cir.Pa. 1978); U.S. v. Leslie, 542 F.2d 285 (5th Cir.Ala. 1976); U.S. v. Iaconetti, 540 F.2d 574 (2d Cir.N.Y. 1976), cert. den., 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (U.S. 1977).
Although strict compliance with the notice requirement is lacking in the present case, viewing this failure in the light of the rules with respect to similar procedural deficiencies, *115 we agree with the trial court's decision allowing the state to introduce the challenged evidence. Implicit in the trial court's ruling is the finding that appellant was not harmed by the deficiencies in the notice. After listening to the testimony and arguments of counsel at a pretrial hearing, the judge found that appellant had viewed the videotape and interviewed the mother long before he received the state attorney's notice. The only person apparently not deposed was the CPT counselor whose identity was known to appellant, inasmuch as he had viewed the videotape. Appellant did not contend at the hearing that he had any desire to depose the CPT counselor. Under these circumstances, appellant's counsel had ample opportunity to attack the trustworthiness of the statements, and whatever deficiencies existed in his preparation, they were not due to defects in the notice. In addition, counsel for appellant had the opportunity to cross-examine the CPT counselor at the hearing on the admissibility of the declarations which was held immediately following the trial court's ruling on the notice issue.
With respect to the issue of the trustworthiness of the extra-judicial statements, we agree with the trial court that they contained sufficient indicia of reliability to justify their admission in evidence. The court found that the child was still emotionally affected by the situation when she reported it to her mother and that she reported it at the first available opportunity. With respect to the videotaped interview, the court found an absence of evidence indicating that the child had been coached, which apparently was the primary concern of appellant. The CPT counselor testified that the interview was conducted privately while the mother remained in the waiting room. She also stated that the child was not asked any questions prior to the interview. Under these circumstances, we find the evidence was properly admitted.
Accordingly, appellant's conviction is AFFIRMED.
ERVIN, J., concurs.
NIMMONS, J., specially concurs with written opinion.
NIMMONS, Judge, specially concurring.
Although the state included in paragraph 2 of its notice the reference to the statement made by the victim to her mother, such inclusion in the notice was gratuitous because it is abundantly clear from the record that such statement qualified as an excited utterance under Section 90.803(2), Florida Statutes, as to which the notice requirements of Section 90.803(23) are not applicable. Therefore, in my view, the majority's analysis of the sufficiency of the notice as it relates to the statement of the victim to her mother is unnecessary.

ON REHEARING
PER CURIAM.
On rehearing, appellant again urges reversal because of a sentencing error raised in his second point on appeal, which was considered, but was not discussed in our original opinion. Based on a recommended guidelines sentence of "community control or 12-30 months incarceration," the trial court imposed a two-year term of community control with the condition that 364 days of the sentence be served in the county jail of Escambia County. Appellant has directed our attention to State v. Van Kooten, 522 So.2d 830 (Fla. 1988), urging that this decision mandates reversal of his sentence. We disagree. Van Kooten's proscription against the imposition of community control plus incarceration applies only when the incarceration is in the state prison, not to imprisonment in the county jail as a condition of community control. In the latter event, the imprisonment must necessarily be for a period of less than twelve months, in order to comply with section 948.03(7), (8)(a), Florida Statutes (1987). Appellant's sentence is within the guidelines and the statute.
AFFIRMED.
SMITH, C.J., and ERVIN and NIMMONS, JJ., concur.