526 So.2d 1029 (1988)
Keidrick EWING, Appellant,
v.
STATE of Florida, Appellee.
No. 87-747.
District Court of Appeal of Florida, First District.
June 16, 1988.
Michael E. Allen, Public Defender; P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
This is an appeal of a final judgment of conviction and sentence imposed on a nolo plea by appellant to two counts of unarmed robbery, pursuant to section 812.13(2)(c), Florida Statutes, with the understanding that a guideline sentence would be imposed. The appellant's scoresheet reflected a total score of 130 points, for a recommended guideline sentence of community control or 12 to 30 months incarceration. The trial court sentenced appellant to 24 months incarceration followed by six months community control on each count, running concurrently.
Appellant contends the community control portions of his sentence are illegal since the guidelines range was for community control or 12 to 30 months, not a *1030 combination of community control plus prison time. State v. Van Kooten, 522 So.2d 830 (Fla. 1988). In that case, the Court answered a certified conflict with Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), concerning the imposition of both community control and incarceration. The Court rejected the latter decision that "the use of the word `or' in this cell ... was designed to permit the imposition of either or both sanctions." 487 So.2d at 349. The opinions in Van Kooten, and in Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), also approved by the Court, involved sentences combining community control and incarceration for a total period exceeding the maximum guidelines incarceration period.[1] Those opinions did not address the issue raised in this case, i.e., a combined sanction of 24 months incarceration plus six months community control which does not exceed the recommended guidelines range of 12 to 30 months incarceration. We conclude that the sentence imposed by the trial court in this case does not represent a departure and therefore is not an illegal sentence. The committee note to Rule 3.701, Fla.R.Crim.P., states that "community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for a departure." In this case the trial court, instead of sentencing the appellant to a full term of 30 months' incarceration, used community control as a "viable alternative" and imposed six months' community control following the 24 months' incarceration. Clearly, if the appellant's recommended range under the guidelines scoresheet had been for an incarceration term only, the trial court would have been able to substitute community control for the incarceration term, in part or whole. Even though the particular recommended range at issue in this case states "community control or 12 to 30 months incarceration," Van Kooten does not in terms or by reasonable inference hold that the trial court should be precluded from utilizing a combination of incarceration and community control, as long as the total sentence does not exceed the recommended incarceration period.
Appellant correctly argues, in addition, that a category 3 scoresheet should have been used and that the appellant's offenses should have been scored as one second degree felony as the primary offense at conviction and one second degree felony as an additional offense at conviction, for a total score of 60 points. Under category 3 offenses, this places the appellant within the same guideline range which he received. As this was technically an incorrect calculation of the scoresheet, the error may be raised for the first time on appeal, regardless of trial counsel's failure to object. See Rule 3.800, Fla.R.Crim.P.; State v. Whitfield, 487 So.2d 1045 (Fla. 1986). This miscalculation, however, was harmless error, as a correct scoresheet would reflect the same recommended range.
Affirmed.
BOOTH, J., concurs.
ERVIN, J., concurs in part & dissents in part w/written opinion.
ERVIN, Judge, concurring in part and dissenting in part.
I concur with that portion of the majority's opinion stating that a category-three scoresheet should have been used, thereby giving appellant a total guideline score of sixty points. I also agree with the majority that the error is, under the circumstances, *1031 harmless. I cannot agree, however, with the majority's disposition of the first point, holding that the trial court correctly imposed, without stating any departure reasons, a sentence of twenty-four months' incarceration, followed by six months' community control on each count, to run concurrently. If the category-three scoresheet had been correctly used for appellant's primary offense of unarmed robbery, his point-total of sixty would have placed him in the recommended range of "community control or 12-30 mos. incarceration[.]" Because he gave no departure reasons, the trial judge was left with only two choices  either to place appellant on community control or impose a sentence within the recommended incarcerative range. The trial court did not have the option of combining both sanctions.
The Florida Supreme Court's opinion in State v. Van Kooten, 522 So.2d 830 (Fla. 1988), is, in my judgment, directly controlling and requires that the sentence in the present case be vacated. Although the sentence combining incarceration and community control in Van Kooten  unlike the sentence at bar  exceeded the recommended guideline range, such circumstance was not the basis of the Van Kooten decision, holding that a sentence subjecting a defendant to a combination of both community control and incarceration represents a departure from the sentencing guidelines, which is improper in the absence of any valid reasons supporting such departure. I don't see how the Florida Supreme Court's language in Van Kooten can be any more definitively set forth than the following:
The guideline clearly states that the appropriate sentence was community control or incarceration. Any change in that presumptive guideline must occur through appropriate legislative and court rule action, rather than by judicial construction.
522 So.2d at 831 (e.s.). As in Van Kooten, I would vacate the sentences imposed and remand for resentencing.
NOTES
[1] The decision of this court in Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988), opin. on rehearing (June 8, 1988), also involved a sentence for a term of community control of two years together "with the condition that 364 days ... be served in the county jail," under a guidelines provision for 12-30 months. This was distinguished from Van Kooten, however, in that the appellant in Distefano was sentenced to a term of imprisonment in the county jail as a condition of community control. Another decision of this court, Sanders v. State, 516 So.2d 38 (Fla. 1st DCA 1987), rev. dismissed, 520 So.2d 586 (Fla. 1988), also involved a sentence for a total period exceeding the maximum guidelines incarceration period. The court, however, explicitly stated that it disagreed with the position that community control and incarceration could not be imposed in tandem, "as long as the total sentence does not exceed the guidelines recommendation.