535 So.2d 676 (1988)
Horace REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-319.
District Court of Appeal of Florida, Fifth District.
December 22, 1988.
*677 James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant was placed on community control for two years, with a special condition that he spend 51 weeks in the county jail. He appeals, contending that this is a departure from the recommended guidelines sentence of 12 to 30 months' incarceration or community control, and relies on State v. Van Kooten, 522 So.2d 830 (Fla. 1988) for support. We affirm.
Van Kooten held that a sentence of state prison and community control was a departure from the recommended guidelines sentence of 12 to 30 months' incarceration or community control, requiring proper written reasons for departure. Van Kooten had been sentenced to 30 months' incarceration to be followed by two years' community control. See Van Kooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987). In approving this court's opinion in Van Kooten, the supreme court also approved Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987) which had held that a similar sentence was a guidelines departure, and disapproved Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986) where the Second District had upheld a sentence of imprisonment for two years to be followed by two years' community control, in the face of a guidelines sentence of 12 to 30 months' incarceration or community control.
Those cases are not apposite here. In this case the court imposed only community control for two years. The special condition that appellant spend 51 weeks in the county jail is part of that two year period, not consecutive to it. There is no state prison time added to the community control as it was in Van Kooten, Hankey and Francis. Section 948.03(7), Florida Statutes (1987) specifically recognizes the power of the trial court to impose a period of incarceration in the county jail not to exceed 364 days as a condition of community control, and we find nothing in the guidelines to the contrary.
AFFIRMED.
COBB and COWART, JJ., concur.