547 So.2d 722 (1989)
Joseph George YUKANOVITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2078.
District Court of Appeal of Florida, First District.
August 16, 1989.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., Detria J. Liles, Certified Legal Intern, Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
*723 NIMMONS, Judge.
The defendant appeals from his sentence contending that it was an upward departure and contrary to the plea agreement. He pled nolo contendere to the offense of lewd, lascivious or indecent act upon or in the presence of a child. As a part of the plea agreement, the defendant was to receive the "low side of the guidelines," i.e., the defendant would be sentenced to the lower end of the guidelines range of whatever cell the defendant fell within in the Category 2 scoresheet. There was the further express understanding that the trial court would retain the right, after obtaining and reviewing the presentence investigation report, to not adhere to the low end of the guidelines cell in which case the defendant would be entitled to withdraw his nolo plea.
Several weeks later at sentencing, the trial court announced that it could not go along with the lower end of the guidelines cell which turned out to be the one which calls for a recommended range of "community control or 12-30 months incarceration". In accordance with the earlier understanding, the court informed the defendant that he would be permitted to withdraw his nolo plea. The court advised the defendant that if he did not withdraw his plea, he would be sentenced to a year in the county jail, followed by two years on community control, followed by eight years on probation. The defendant then indicated that he was agreeable with the proposed sentence and that he wished to adhere to the nolo plea. Whereupon, the court proceeded to impose the above sentence.
Appellant asserts on appeal that the sentence of both incarceration and community control is a departure from the applicable guidelines cell, i.e., community control or 12-30 months incarceration, and that such a departure without stating reasons therefor is improper. We need not reach the question of whether the subject sentence was a departure sentence.[1] For, even if it was, the sentence imposed was precisely that which was agreed upon. Such sentences generally do not require any other reason for departure from the recommended range. White v. State, 531 So.2d 711 (Fla. 1988); Valdes v. State, 528 So.2d 94 (Fla. 1st DCA 1988); Denmark v. State, 519 So.2d 20 (Fla. 1st DCA 1987), review denied 529 So.2d 693 (Fla. 1988).
AFFIRMED.
BARFIELD and MINER, JJ., concur.
NOTES
[1] Appellant claims that the imposition of both community control and incarceration is violative of the holding in State v. Van Kooten, 522 So.2d 830 (Fla. 1988) (sentence of 30 months incarceration in state prison followed by community control not permissible). However, we have not read the Van Kooten holding so broadly:

Van Kooten's proscription against the imposition of community control plus incarceration applies only when the incarceration in the state prison, not to imprisonment in the county jail as a condition of community control.
Distefano v. State, 526 So.2d 110, 115 (Fla. 1st DCA 1988). In Distefano, we approved the trial court's imposition of a two-year term of community control with the condition that 364 days be served in the county jail. Accord, Reese v. State, 535 So.2d 676 (Fla. 5th DCA 1988) (sentence of two years of community control with condition that defendant spend 51 days in county jail held not a departure from the recommended range of community control or 12-30 months incarceration). Whether a different result should obtain in a case such as the one at bar where the county jail time and community control are imposed consecutively is, as mentioned above, an issue we need not address since the sentence was agreed to.