555 So.2d 940 (1990)
Anthony Warren TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1954.
District Court of Appeal of Florida, Fifth District.
January 18, 1990.
*941 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Tillman appeals from his sentence for aggravated assault[1] imposed by the trial judge after he entered a nolo contendere plea. Tillman argues the judge erred in giving him a departure sentence under the sentencing guidelines without giving written reasons therefor because he was sentenced to serve 180 days in the Volusia County jail as a condition of being placed on community control for 2 years. His scoresheet, which totaled 125 points, placed him in the second sentencing bracket which permits 12-30 months' incarceration "or" community control.
Tillman contends that by sentencing him to a term in the county jail as a condition of community control the judge violated the mandate of Rule 3.701(d)(11) by aggravating his guideline sentence without appropriate written reasons. He relies on Vankooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), approved, 522 So.2d 830 (Fla. 1988) and Hankey v. State, 505 So.2d 701 (Fla. 5th DCA); review denied, 515 So.2d 230 (Fla. 1987).
Such reliance is misplaced. These cases stand for the proposition that a sentence may not include both a prison term (12 to 30 months) and community control without proper grounds for departure. They do not address the discretion of the sentencing judge to impose jail time as a condition of community control. See § 948.03(7), Fla. Stat. (1987) and Reese v. State, 535 So.2d 676 (Fla. 5th DCA, 1988).
The sentence appealed is affirmed.
AFFIRMED.
DANIEL, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting:
I respectfully dissent. Although Van-Kooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), affirmed, 522 So.2d 830 (Fla. 1988); Avera v. State, 512 So.2d 215 (Fla. 5th DCA 1987), approved, 522 So.2d 829 (Fla. 1988); and Hankey v. State, 505 So.2d 701 (Fla. 5th DCA), rev. denied, 515 So.2d 230 (Fla. 1987), did not involve incarceration in the county jail in conjunction with, or as a condition of, community control in the second sentencing bracket, I would apply them to this case and hold the sentence being appealed is a "departure." The second sentencing bracket provides for either community control or incarceration of twelve to thirty months, but not both. In my view, incarceration is incarceration is incarceration, wherever it takes place.[1] Further, I question whether the majority's interpretation is the most lenient way of interpreting the guidelines.[2] In effect it permits the addition of a non-state prison *942 sanction (first bracket) to one alternative in the second bracket.
Strongly indicative of the more lenient interpretation is the recent amendment of the guidelines. Effective July 1, 1988, the category portion of the guidelines was amended to include a "Permitted Range." Fla.R.Crim.P. 3.988(4). See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988). For Category 4 offenses, the second cell under Permitted Range now reads:
[a]ny non-state prison sanction or community control or 1  3 1/2 years incarceration.
This amendment now clearly permits only one punishment, and all three possibilities are exclusive alternatives. VanKooten. While the offense in this case was committed on January 27, 1988, prior to the effective date of the amendment, it is indicative of the manner in which the prior guidelines should be interpreted. See generally Lowry v. Parole and Probation Com'n., 473 So.2d 1248, 1250 (Fla. 1985). I further suggest that Reese v. State, 535 So.2d 676 (Fla. 5th DCA 1988) is erroneous, and in view of the amendment to the guidelines, we should recede from it.
NOTES
[1] § 784.021(1)(a), Fla. Stat. (1987).
[1] Incarcerate means "[t]o put in jail, to shut in; confine." (emphasis added) The American Heritage Dictionary (Second College Edition) at 650.
[2] A reading resulting in more severe punishment is to be avoided. The supreme court specifically held the use of the word "or" as mutually exclusive, stating:

The guideline clearly states that the appropriate sentence was community control or incarceration. Any change in that presumptive guideline must occur through appropriate legislative and court rule action, rather than by judicial construction.
State v. VanKooten, 522 So.2d 830, 831 (Fla. 1988).