ALLEN, Judge.
The appellant challenges judgments of conviction and sentences imposed for armed trespass, criminal mischief, and assault. We affirm the judgments of conviction, but we find that resentencing is necessitated by the court’s failure to provide any written reason for departing from the permitted sentencing range established under the Florida Rule of Criminal Procedure 3.701 sentencing guidelines.
The appellant entered negotiated nolo pleas in exchange for a reduced charge and the state’s recommendation of a “guidelines sentence.” The court accepted the pleas and was advised of the agreed sentencing recommendation. A sentencing guidelines scoresheet was prepared with a recommended range of “community control or 12-30 mos. incarceration.” The permitted range authorized “any nonstate prison sanction or community control or 1-3½ years incarceration.” The court adjudicated appellant guilty on all counts, and imposed a sentence of 11 months 29 days incarceration, followed by 2 years community control, for the armed trespass. Concurrent 60-day terms of incarceration were imposed for the criminal mischief and assault.
The appellant argues that he should be allowed to withdraw his pleas because the court did not comply with the negotiated sentencing recommendation. But the *94 appellant did not condition his pleas upon a specific sentence, and the negotiated recommendation is not binding on the court and does not require that the appellant be given an opportunity to withdraw his pleas. See State v. Adams, 342 So.2d 818 (Fla. 1977); Thomas v. State, 566 So.2d 613 (Fla. 4th DCA 1990), jurisdiction accepted, 577 So.2d 1330 (Fla. 1991).
The appellant also contends that a departure sentence was improperly imposed without any written reasons to support the departure. As indicated in State v. VanKooten, 522 So.2d 830 (Fla.1988), when providing for community control or incarceration the guidelines establish alternative sanctions, so that the imposition of both constitutes a departure. It does not matter that the incarcerative term is for less than a year and would be served in the county jail. See Belcher v. State, 559 So.2d 448 (Fla. 5th DCA 1990). And while cases such as Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990), have determined that it is not a departure to require jail time as a condition of community control, the court did not make the term of incarceration a condition of community control in the present case. Rather, the court imposed these alternatives as sequential sanctions, without providing any written reason for departure, contrary to the supreme court’s unqualified pronouncement in Van-Kooten.
In Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988), a divided panel of this court declined to apply VanKooten to a combined sentence of incarceration and community control where the total term did not exceed the maximum period of incarceration recommended under the guidelines. Distinguishing VanKooten on this basis, the Ewing majority relied on a committee note to rule 3.701 which approves community control as a “viable alternative” for a “state prison sentence.” The present case is similar to Ewing in that the total term of incarceration and community control does not exceed the maximum period of incarceration in the permitted guidelines range. But the present case is unlike Ewing in that it does not involve a state prison sentence. Instead, the appellant was sentenced to a term of incarceration which would be served in the county jail, and the committee notes to rule 3.701 expressly state that community control is not an alternative for a “nonstate prison sanction.” This case thus remains directly controlled by VanKooten, and while this may produce an anomaly in that Ewing allows the greater sanction of a state prison sentence to be imposed with a term of community control, we are not now compelled to reexamine Ewing. As the state concedes, VanKooten establishes that the court should not have sentenced the appellant to both a term of incarceration and community control without providing a written reason for this guidelines departure.
The judgments of conviction are affirmed. The sentences are vacated, and the cause is remanded for resentencing.
WIGGINTON, J„ concurs.
WOLF, J., concurs in part and dissents in part with written opinion.