WOLF, Judge,
concurring in part, dissenting in part.
Pursuant to sentencing guidelines, appellant could have received a sentence within the permitted range of “any nonstate prison sanction or community control or 1-3 ½ years incarceration.” I do not believe that the sentence imposed by the trial court (11 months, 29 days’ incarceration, followed by two years’ community control) constituted a departure sentence.
In State v. VanKooten, 522 So.2d 830 (Fla.1988); State v. Bodine, 522 So.2d 830 (Fla.1988); Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla.1987), (approved by the supreme court in VanKooten)] and Belcher v. State, 559 So.2d 448 (Fla. 5th DCA 1990), the combined length of the period of incarceration and community control exceeded the maximum period of incarceration which was permitted under sentencing guidelines. In the instant case, the combined total of the incarceration and community control imposed was shorter than the maximum period of incarceration permitted under the *95 guidelines. I, therefore, do not believe that the cited cases are controlling.
It is undisputed that the court could have imposed a legal guidelines sentence of 1) three and a half years’ incarceration; 2) any combination of community control and state prison incarceration which did not exceed three and a half years (Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988)); or 3) 11 months and 29 days’ incarceration as a condition of community control, Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990). Each of these sentences are more severe than the one actually imposed. Common sense dictates that the sentence imposed in the instant case did not constitute a departure. I would affirm as to both issues.