HARRIS, Judge.
We affirm on the authority of Reese v. State, 535 So.2d 676 (Fla. 5th DCA 1988) and Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990). Both of these cases reject the position of the dissent that the imposition of jail time as a condition of community control is an illegal sentence. The legislature has specifically authorized the court to impose up to 364 days incarceration as a condition of probation or community control. See § 948.03(8), Fla.Stat. (1989). Since the guideline schedules only address “12-30 months incarceration,” it is evident that county jail incarceration (364 days or less — a nonstate prison sanction) as a condition of probation or community control was not intended to be affected by guideline sentencing. Contrary to the dissent, Stinson did not receive both a sentence of community control and incarceration. The trial court merely conditioned his “grace” of granting community control on Stinson spending some time in jail. The legislature gave him that authority; the courts should not needlessly take it away.
AFFIRM.
*32 GOSHORN, C.J., concurs.
SHARP, W., J., dissents with opinion.