W. SHARP, Judge,
dissenting.
I respectfully dissent because in my view the combination of a non-state prison sanction with community control is an illegal sentence, under the applicable guideline, unless the trial court gave reasons for “departure.”
In this case, Stinson was sentenced to two years on community control on the condition that he serve 364 days in the county jail. Stinson’s scoresheet in this case, going up a one-cell bump-up for violation of probation, was community control or 12 to 30 months incarceration. The permitted range was any non-state prison sanction or community control or 1 to 3 ½ years incarceration. These sentencing brackets which use the word “or” between possible sentencing or sanctions create an alternative but mutually exclusive sentencing possibilities.[1]
Because the applicable permissible bracket in this case includes any non-state prison sanction set off with an “or,” I think this case is distinguishable from Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990) and Reese v. State, 535 So.2d 676 (Fla. 5th DCA 1988). In those two cases the applicable sentencing bracket was simply community control or 12-30 months incarceration. Because all three alternatives appear in Stinson’s bracket, it follows that no combination of any two of them should be permitted.
Clearly, 364 days in county jail is a non-state prison sanction under the guidelines. Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374, 379 (Fla.1988). Rule 3.701.d.8 provides that non-state prison sanctions allow the trial court the flexibility of imposing “any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative dis-position_”
Section 921.001(5) provides that a person sentenced for a felony offence “whose presumptive sentence is any non-state prison sanction, may be sentenced to community control or to a term of incarceration not to exceed 22 months.” This provision may amend the guidelines brackets to allow state prison sentences and community control sanctions when only non-state prison sanctions would be permitted. But it does not address the problem in this case of permitting a combination of mutually exclusive sanctions. Since this provision also uses an “or” between community control and incarceration, it appears to track the prior concept employed in the guidelines that one or the other sanction should be allowed, but not both. Here Stinson has received a sentence for both.[2]
In effect, Stinson was sentenced in this case to a non-state prison sanction (364 days in county jail) plus a term of community control. Two of the alternative sanctions are being combined here, as a matter of substance and reality. Use of the magic words “on the condition that” does change that fact.[3]

. State v. VanKooten, 522 So.2d 830 (Fla.1988); Campbell v. State, 558 So.2d 177, 178 (Fla. 2d DCA 1990).

. See Riley v. State, 589 So.2d 412 (Fla. 5th DCA 1991).

. Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990) (Sharp, W., J., dissenting).