617 So.2d 1139 (1993)
Charles A. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2796.
District Court of Appeal of Florida, First District.
May 13, 1993.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, and Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant challenges the sentences imposed upon his conviction of two counts of robbery. He contends the sentence, which includes both county jail time and community control followed by probation, constitutes an illegal departure sentence and that no reason for departure was provided. We reverse.
An information charged appellant with committing two counts of armed robbery on September 22, 1991; the weapon allegedly used in the robbery was a belt buckle. A jury found appellant guilty on both counts of the lesser offense of robbery. On Count I, the trial court imposed a sentence of one year in county jail, followed by one year of community control, to be followed by four years of probation. On Count II, the trial court imposed a probationary term of six years, to be served concurrently with the sentencing on Count I. On a "Category 3  Robbery" scoresheet, appellant's total score was 60 points, which equated to a recommended sentencing range of community control or 12 to 30 months incarceration, and a permitted sentencing range of any nonstate prison sanction or community control or one to 3-1/2 years incarceration.
In State v. VanKooten, 522 So.2d 830, 831 (Fla. 1988), the supreme court ruled that, when so provided by the guidelines, either community control or incarceration could be imposed, but not both. In Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988), this court construed the VanKooten proscription as applicable only where the combined sentences exceeded the maximum period of incarceration permitted under the guidelines. The court reasoned that a departure sentence does not result where the combined sanctions do not exceed the maximum guidelines incarcerative period.
A contra result was reached in Oglesby v. State, 584 So.2d 93 (Fla. 1st DCA 1991), which, like the instant case, involved combined sanctions of county jail incarceration and community control. In Oglesby, this court held that a combined sanction of community control and incarceration in county jail constitutes a departure. The Oglesby majority recognized that in Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990), the fifth district held it was not a departure to require jail time as a condition of community control; distinguished Ewing on the ground that it involved a state prison sentence, whereas Oglesby involved a county jail sentence, which was not imposed as a condition of community control; and concluded that its decision in that case was controlled by VanKooten. In so holding, the majority opinion noted that the decision might produce an anomaly, in that Ewing *1140 permitted the greater sanction of state prison combined with community control, while the decision in Oglesby disapproved the less severe combined sanction of county jail and community control.
The instant case involves a county jail sentence followed by a period of community control. The combined total of the two sanctions does not exceed the maximum incarcerative term permitted by the guidelines. Since the sentence imposed was considerably less severe than the state prison sentence authorized by the guidelines, it appears somewhat peculiar to consider the combined sanctions to be a departure. Nevertheless, as the Oglesby panel observed, the Committee Notes to Florida Rule of Criminal Procedure 3.701(d)13 emphasize that community control is not an alternative for a "nonstate prison sanction." 584 So.2d at 94.
In short, we conclude the resolution of this case is controlled by this court's decision in Oglesby. Because the guidelines distinction between the sanctions of community control and a nonstate prison sanction produce an anomalous result in both this case and in Oglesby, we certify the following as a question of great public importance:
DOES A SENTENCING DISPOSITION WHICH INCLUDES COMBINED SANCTIONS OF COUNTY JAIL INCARCERATION AND COMMUNITY CONTROL CONSTITUTE A DEPARTURE SENTENCE, WHEN THE COMBINED PERIODS OF INCARCERATION AND COMMUNITY CONTROL DO NOT EXCEED THE MAXIMUM PERIOD OF INCARCERATION PERMITTED BY THE GUIDELINES?
Accordingly, the challenged sentences are vacated, and this cause is remanded for resentencing, pursuant to Oglesby v. State, 584 So.2d 93 (Fla. 1st DCA 1991).
ALLEN and MICKLE, JJ., concur.