PER CURIAM.
Peoples was adjudicated guilty of possession of cocaine and of sale of cocaine. The trial court sentenced her for each offense to concurrent terms of 90 days in jail, followed by 1 year of community control. Her permitted guidelines range was any non-state prison sanction or community control; or 1 to 3½ years in prison. The recommended sentence was community control or 12 to 30 months’ incarceration.
Peoples argues on appeal that her sentence is illegal on the authority of State v. VanKooten, 522 So.2d 830 (Fla.1988), and Oglesby v. State, 584 So.2d 93 (Fla. 1st DCA 1991). We agree that the resolution of this case is controlled by VanKooten and our decision in Oglesby, and therefore we vacate her sentences and remand the cause for re-sentencing. See also, Davis v. State, 617 So.2d 1139 (Fla. 1st DCA 1993). However, as we did in Davis, we certify the following question as one of great public importance:
DOES A SENTENCING DISPOSITION WHICH INCLUDES COMBINED SANCTIONS OF COUNTY JAIL INCARCERATION AND COMMUNITY CONTROL CONSTITUTE A DEPARTURE SENTENCE, WHEN THE COMBINED PERIODS OF INCARCERATION AND COMMUNITY CONTROL DO NOT EXCEED THE MAXIMUM PERIOD OF INCARCERATION PERMITTED BY THE GUIDELINES?
*73 The challenged sentences are vacated, and this cause is remanded for resentencing.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.