636 So.2d 794 (1994)
Lisa PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-983.
District Court of Appeal of Florida, First District.
May 3, 1994.
*795 Nancy A. Daniels, Public Defender, Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Crapps, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
On direct appeal, Lisa Parker argues that her convictions after a non-jury trial should be reversed because the record does not support a waiver of the right to a jury trial. Citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), she contends that the trial judge had an obligation to ascertain in open court whether the waiver was voluntary and intelligent. Parker also challenges her sentence as illegal, even if the convictions are upheld.
In conformity with Florida Rule of Criminal Procedure 3.260, Parker signed a waiver of jury trial, which stated in part, "I do now freely and voluntarily waive my right to a trial by jury." This case differs significantly, therefore, from the situation in Dumas v. State, 439 So.2d 246, 249 (Fla. 3d DCA 1983) (en banc), review denied, 462 So.2d 1105 (Fla. 1985), where the record was silent with regard to the willingness or understanding with which the plea was entered, and Florida Rule of Criminal Procedure 3.260 was not followed.
The trial court made no inquiry concerning the waiver of jury trial when it accepted the signed waiver. Parker now argues that, in light of Tucker v. State, 559 So.2d 218 (Fla. 1990) (indicating that oral inquiry in addition to a written waiver is the better practice) and Harringer v. State, 566 So.2d 893, 894 (Fla. 4th DCA 1990) (holding that absent a written waiver, "it must appear in the record that the trial court inquired"), the trial court's failure to make any inquiry to establish that the waiver was given freely and knowingly requires reversal as a matter of law regardless of whether the waiver was in fact coerced and uninformed. We decline to give such broad effect to the supreme court's opinion in Tucker, concluding that the written waiver executed by Parker in conformity with the rule is legally sufficient to allow the court to conduct a non-jury trial. See Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc), review denied, 462 So.2d 1105 (Fla. 1985). As the state has pointed out in its answer brief, if Parker's waiver was not in fact freely and knowingly given, the appropriate mode of relief is by a Rule 3.850 motion for post-conviction relief. We affirm the convictions.
Parker was sentenced to one year of community control followed by three years of probation, a condition of which was serving sixty days in the county jail. See Fla. R.Crim.P. 3.988(j). The stacking of probation and community control is proper. Skeens v. State, 556 So.2d 1113 (Fla. 1990); State v. Reed, 557 So.2d 33 (Fla. 1990). However, "when the presumptive guideline sentence directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines, requiring proper written reasons for the departure." State v. VanKooten, 522 So.2d 830, 830-31 (Fla. 1988). Neither the fact that incarceration was a condition of probation, nor the fact that the length of the sentence was within the maximum allowed by general law, cures the illegal sentence. See State v. Davis, 630 So.2d 1059 (Fla. 1994) (disapproving Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988); Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990); Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988)).
The imposition of community control and incarceration without written reasons for departing from the sentencing guidelines violates VanKooten and Davis. Parker's sentence is vacated and the case is remanded for resentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990); Ree v. State, 565 So.2d 1329 (Fla. 1990).
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.