PER CURIAM.
Appellant takes issue with the sentence imposed following remand. We find error, but find that no effective relief can be afforded at this time.
Appellant was found guilty of two counts of robbery and was sentenced to one year incarceration followed by one year of community control to be then followed by four years probation. On review, this court found the sentence imposed to be a departure sentence for which no grounds had been given. We therefore vacated the sentence and remanded for resentencing. Davis v. State, 617 So.2d 1139 (Fla. 1st DCA 1993). In so doing, we certified a question as to whether the combined sanction of community control and incarceration constitute a departure sentence even when the combined period does not exceed the maximum period of incarceration permitted by the guidelines. The supreme court accepted jurisdiction and affirmed by agreeing that such a combined sanction did amount to a departure sentence. State v. Davis, 630 So.2d 1059 (Fla.1994).
On remand, the lower court sentenced appellant to six months of community control followed by four years of probation. By the time appellant was resentenced, he had already served his period of incarceration. We can deduce from the transcript of the sentencing hearing that appellant had been on community control for approximately six months at the time of resentencing. In effect, the sentence imposed on remand plus the sentence already served amounted to the total sentence originally imposed. The result is, therefore, that appellant will have served the departure sentence disapproved by this court in Davis v. State, supra.
Appellant argues that the instant appeal is not moot because by this appeal, appellant’s record can be corrected to reflect the sentence which should have been imposed. For what it is worth, we have written this opinion to clarify the record. It should be added that trial counsel did not object to the sentence imposed on remand.
Because no affirmative relief is now available, we AFFIRM.
SMITH, JOANOS and DAVIS, JJ., concur.