LAWRENCE, Judge,
concurring and dissenting.
Because I view the instant written waiver, signed by Upton’s lawyer, as adequate to waive the client’s right to jury trial, I dissent. Neither Tucker v. State, 559 So.2d 218 (Fla.1990), nor Hurd v. State, 440 So.2d 691 (Fla. 1st DCA 1983), requires reversal of Upton’s convictions and sentences. The Tucker court held, in response to a certified question, that a defendant’s oral waiver of a jury trial is valid where the defendant is represented by a lawyer, and a full explanation of the consequences is given by the trial judge. We merely held in Hurd that, where there is neither a written waiver nor an oral inquiry on the record, any asserted waiver is invalid. The instant record, by contrast, contains a written waiver signed by Upton’s lawyer.
Florida Rule of Criminal Procedure 3.260 provides: “A defendant may in "writing waive a jury trial with the consent of the state.” Even if rule 3.260 required that the written waiver be executed personally by Upton, as opposed to his counsel, the Tucker court made it clear that technical compliance with the rule is not required:
Technical noncomplianee with a rule of procedure is permissible if there is no harm to the defendant. Hoffman v. State, 397 So.2d 288, 290 (Fla.1981) (the rules of criminal procedure are not intended to furnish a procedural device to escape justice).
Tucker v. State, 559 So.2d at 220.
We recently held in Parker v. State, 636 So.2d 794 (Fla. 1st DCA 1994), that Tucker should not be interpreted as requiring the trial court to establish in open court that a waiver was freely and voluntarily made, when technical compliance with rule 3.260 was made. Moreover, we said that “if Parker’s waiver was not in fact freely and knowingly given, the appropriate mode of relief is by a Rule 3.850 motion for post-conviction relief.” Parker, 636 So.2d at 795.
We should follow the rationale of our sister court in Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc), review denied, 462 So.2d 1105 (Fla.1985), and conclude that a presumption is raised that a waiver of jury ■trial is knowingly and intelligently made under the circumstances of the instant case. The burden then would shift to Upton to show facts to the contrary. This would be consistent with our decision in Parker, approving posteonviction relief as a remedy, and the rule requiring prejudice, as discussed in Tucker. Significantly, Upton has not alleged at any time that his waiver resulted in prejudice to him.
I agree that this issue is one of great public importance, and therefore join in certification of the question.