PER CURIAM.
Lonnie Hall was convicted of carrying a concealed firearm and of possessing a firearm as a convicted felon. He appeals the former conviction and the sentences on both convictions. We find no error with respect to the challenged conviction. But we remand to the trial court to enter a corrected judgment and to correct the sentencing score- *605 sheet. Both erroneously reflect a conviction for possession of a firearm in the commission of a felony, rather than for possession of a firearm by a convicted felon.
We also reverse and remand for re-sentencing because the sentence imposed, two years of community control with ten weekends in county jail as a condition, followed by two years of probation, constitutes a departure sentence for which written reasons must be provided. See Craig v. State, 643 So.2d 50 (Pla. 5th DCA 1994); Parker v. State, 636 So.2d 794 (Fla. 1st DCA 1994); see also State v. Davis, 630 So.2d 1059 (Pla. 1994).
We reject Hall’s contention that the amount of the public defender’s fee assessed under section 27.56, Florida Statutes (1993), must be reduced by the sum of the costs assessed pursuant to section 27.3455, Florida Statutes (1993). See Grate v. State, 623 So.2d 591 (Fla. 5th DCA 1993). But we agree that imposition of the $300 public defender’s fee must be reversed because Hall was not provided notice and an opportunity to be heard as to the amount of the fee. See Wilson v. State, 651 So.2d 1302 (Fla. 2d DCA 1302); L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA 1993).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN, MINER and BENTON, JJ., concur.