677 So.2d 41 (1996)
Alphonso LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2884.
District Court of Appeal of Florida, First District.
July 9, 1996.
*42 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Following a jury trial, Alphonso Lee (Lee) was convicted of aggravated battery with a deadly weapon. The trial court sentenced him to eighteen months community control, with a special condition he spend six months in county jail. The trial court also imposed numerous costs. Of the issues raised on appeal, we find no error with regard to the trial court's denial of his motion for judgment of acquittal and his requested jury instruction. We reverse, however, on the sentencing issues raised.
Lee's sentencing guidelines score yielded a permitted range of "any nonstate prison sanction or community control or 1-3 1/2 years incarceration." Fla. R.Crim. P. 3.988(d) (1991). Citing State v. Davis, 630 So.2d 1059 (Fla.1994), Lee contends his sentence was a departure sentence for which the trial court was required to give written reasons. We agree. A sentencing disposition which includes combined sanctions of county jail incarceration and community control is a departure sentence requiring written departure reasons, even though the total period of incarceration and community control does not exceed the maximum amount of incarceration permitted by the guidelines. State v. Davis, 630 So.2d 1059 (Fla.1994)(community control, incarceration and "nonstate prison sanctions," which include county jail time, are disjunctive sentences; combining any of them creates a departure sentence). We note that the county jail time was a special condition of community control, but do not find this to be sufficient to distinguish the *43 holding in Davis. Accordingly, we vacate Lee's sentence and remand for resentencing. As there is no indication from the record that the trial court considered this sentence to be a departure sentence, the trial court may, on remand, consider whether a departure sentence is appropriate, and if so, set forth valid reasons for the departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989); Kelly v. State, 616 So.2d 100 (Fla. 1st DCA 1993).
As part of his sentence, the trial court imposed various costs, including $350 for the Florida Crime Lab, $50 for the Crimes Compensation Trust Fund, and $2 for Criminal Justice Education. We address each of these costs in turn.
First, the $350 crime lab fee contained in the written sentence does not comport with the trial court's oral pronouncement at sentencing. Review of the transcript reveals the $350 assessment was for attorney's fees under section 27.56, Florida Statutes (1991), rather than for the Florida Crime Lab. It is well-settled that the oral pronouncement of sentence governs. Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984). On reviewing the propriety of the $350 allotted for attorney's fees, however, we must reverse as Lee was not given notice of his right to a hearing to contest this amount. Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995); Fla. R.Crim. P. 3.720(d). Notwithstanding the State's argument to the contrary, a timely objection below is not necessary to preserve this issue for appeal. Henriquez v. State, 545 So.2d 1340 (Fla.1989); McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990). On remand, the fee may be reimposed after Lee is given notice and an opportunity to be heard on the amount of the fee.
Second, the State properly concedes that the $50 fee to the Crimes Compensation Trust Fund exceeds the $20 maximum authorized under the version of the statute in effect at the time the offense was committed.[1] § 960.20, Fla. Stat. (1991); Majors v. State, 658 So.2d 1234 (Fla. 1st DCA 1995). Accordingly, the case should be remanded to reduce the Crimes Compensation Trust Fund assessment to $20.
Finally, Lee correctly argues that the $2 cost assessed pursuant to section 943.25(13), Florida Statutes (1991), was improperly imposed because the trial court failed to provide notice of this discretionary cost. Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995)(striking $2 assessment under statute where trial court failed to provide notice and failed to consider defendant's financial resources and other factors in making decision to assess cost). We strike this cost. On remand, the cost may be reimposed after affording Lee the procedural safeguards outlined in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc).
Accordingly, we AFFIRM in part and REVERSE and REMAND in part for proceedings consistent with this opinion.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] The underlying offense was committed on February 8, 1992. Section 960.20, Florida Statutes, was amended to increase the assessment from $20 to $50 effective July 1, 1992. Ch. 92-107, § 13, at 906, Laws of Fla.