THOMAS, J.
Appellant appeals his delinquency adjudication for sexual battery and raises three issues on appeal. We affirm without discussion the first issue regarding whether the child victim was competent to testify during the hearing; however, because the trial court improperly admitted the child victim’s hearsay statement under section 90.803(23), Florida Statutes (2005), we must reverse Appellant’s adjudication of delinquency and remand for a new adjudicatory hearing.
Appellant was charged with committing sexual battery, in violation of section 794.011(2)(b), Florida Statutes (2005), “by placing his penis in or upon the victim’s anus.” At the adjudicatory hearing, the seven-year-old child victim testified that *1203 Appellant touched her buttocks with his hand. The only evidence to establish that Appellant placed his penis in or upon the child victim’s anus was Appellant’s verbal confession and the child victim’s out-of-court statement to a child protection team member, which was inconsistent with her trial testimony; however, the State also introduced Appellant’s mother’s properly admitted hearsay statement in which she said to the officer who responded to the scene, “I can’t deal with this anymore, I need this to stop, I caught him in the room with her, behind her with no pants on.”
Six days prior to the hearing, the State filed a Notice of Hearsay Evidence, seeking to introduce into evidence the child victim’s out-of-court statement under section 90.803(23), Florida Statutes (2005). Appellant filed a motion to exclude these statements and sought a hearing pursuant to State v. Townsend, 635 So.2d 949 (Fla. 1994).
Section 90.803(23), Florida Statutes (2005), provides:
HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM.—
(a)Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with ... [an] age of 11 or less describing ... any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness....
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as- evidence at trial. The notice shall include a written statement of the content of the child’s statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
The State conceded that it failed to comply with the notice requirement contained in section 90.803(23); however, failure to strictly comply with the notice requirement is not fatal to admission of the statement when “the party against whom the statement is offered suffered no harm and was given a fair opportunity to meet the statement....” Distefano v. State, 526 So.2d 110, 114 (Fla. 1st DCA 1988), disapproved on other grounds by State v. Davis, 630 So.2d 1059 (Fla.1994). Here, Appellant received the State’s Notice of Hearsay Evidence six days before the hearing and three days before Appellant announced he was ready for trial. Appellant could not explain how he was prejudiced by the untimely Notice, and acknowledged that he knew the child victim had made a statement to the child protection team member. *1204 We conclude that the State’s failure to strictly comply with the notice requirement did not prevent the trial court from admitting the child victim’s statement into evidence.
Appellant’s further argument that the trial court did not comply with the other procedural requirements of section 90.803(23), however, requires us to reverse his adjudication of delinquency. Section 90.803(23), Florida Statutes (2005), requires that the statement “meet two specific reliability requirements: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability.” Townsend, 635 So.2d at 954 (emphasis in original). Because a trial court must make specific record findings indicating the basis for its determination of reliability, it is reversible error for a trial court to merely conclude that a child victim’s statement is reliable-or to list the hearsay statements, without an explanation of their reliability. Id. at 957; Griffin v. State, 526 So.2d 752, 759 (Fla. 1st DCA 1988).
Here, the trial court concluded that the child victim’s statement was reliable, but made no findings to indicate the basis for its decision. After our review of the record, we conclude this was not harmless error. Cf. Salter v. State, 500 So.2d 184, 186 (Fla. 1st DCA 1986) (explaining that although the trial court erred in admitting a child victim’s hearsay statement, it was harmless when the child testified at trial that the appellant touched her and the child’s mother testified that the child told her immediately following the incident).
Other than Appellant’s verbal confession, the child victim’s statement was the only evidence introduced to establish that Appellant committed a sexual battery. Because corpus delicti must be established independently of a defendant’s confession, before the confession is admitted into evidence, there must be evidence presented showing that the crime was committed and that all elements of the crime existed. See Bradley v. State, 918 So.2d 337, 339 (Fla. 1st DCA 2005). We note that the State did not attempt to admit Appellant’s confession into evidence under section 92.565, Florida Statutes (2005), and does not assert that it is admissible as such on appeal; therefore, without first admitting the child victim’s hearsay statement, Appellant’s verbal confession could not have been admitted. Thus, admission of the child victim’s hearsay statement was not harmless error.
We reject Appellant’s next argument regarding the trial court’s denial of his motion for judgment of dismissal. When determining whether the evidence is sufficient to withstand a motion for a judgment of dismissal, the reviewing court must consider all evidence adduced at the delinquency hearing, even evidence that is erroneously admitted. See State v. Brockman, 827 So.2d 299, 303 (Fla. 1st DCA 2002); Barton v. State, 704 So.2d 569, 573 (Fla. 1st DCA 1997). In considering the erroneously admitted evidence, along with Appellant’s mother’s statement and the victim’s testimony, we find that the State introduced sufficient evidence to withstand Appellant’s motion for judgment of dismissal. Accordingly, we reverse Appellant’s adjudication of delinquency and remand for the trial court to conduct a new adjudicatory hearing.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions consistent with this opinion.
KAHN and HAWKES, JJ., concur.