622 So.2d 122 (1993)
Frank RHODEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4275.
District Court of Appeal of Florida, First District.
July 28, 1993.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Frank Rhoden contests a restitution order requiring him to pay restitution in the amount of $3,000.00. He contends the amount assessed was not a part of the negotiated plea, there was no proof of the amount assessed as restitution, and a hearing was not held to establish the amount of restitution due. The state agrees this case should be remanded with directions to hold a restitution hearing.
Appellant and four co-defendants were charged with grand theft and criminal mischief. Pursuant to a written plea agreement, appellant pled guilty to grand theft in exchange for a six-month sentencing cap, and the state's dismissal of the criminal mischief charge. The trial court accepted the plea on May 13, 1992, and set a sentencing date in June 1992.
Sentencing actually took place on December 3, 1992. At sentencing, appellant's counsel advised the trial court that the victim had not come forward to establish the amount of restitution due. Counsel asked the court to take this factor into consideration in the sentencing disposition. The trial court adjudicated appellant guilty of grand theft, and imposed a five-month sentence, with credit for fifty-eight days served. On the same day, the trial court issued a written Judgment and Restitution Order, directing appellant to pay restitution in the amount of $3,000.00. There was no oral pronouncement of restitution at the sentencing proceeding.
Section 775.089, Florida Statutes (1991), sets forth the procedure to be employed when restitution is an issue in the case. This section provides in pertinent part:
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. ... (Emphasis supplied.)
There is no evidence in the record before this court as to the amount of loss sustained by the victim. Moreover, the record is clear that appellant's counsel advised the trial court that the victim had not come forward to establish the amount of loss sustained as a result of appellant's offense. Further, the manner in which restitution *123 was imposed deprived appellant of any opportunity to be heard on the amount assessed. The state properly concedes error in the imposition of restitution. See Reynolds v. State, 598 So.2d 188 (Fla. 1st DCA 1992); Harris v. State, 593 So.2d 1169 (Fla. 1st DCA 1992).
Accordingly, the order imposing restitution is stricken, and this cause is remanded for further proceedings in accordance with section 775.089, Florida Statutes.
BARFIELD and MICKLE, JJ., concur.