PER CURIAM.
Appellant’s judgment and sentence are affirmed in all respects with the exception of the restitution order.
We strike the restitution provisions because restitution was neither discussed nor pronounced at sentencing. Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987); Rhoden v. State, 622 So.2d 122 (Fla. 1st DCA 1993).
There was no error in the trial court’s deviating from the guidelines in imposing sentence. The record supports the conclusion that the victim was killed in the course of Appellant’s committing a hate crime. The details are more fully set forth in our opinion in the codefendant’s appeal, Wray v. State, 639 So.2d 621 (Fla. 4th DCA 1994). As indicated in Wray, since Appellant committed a life felony, section 775.085, Florida Statutes, is not applicable. Therefore, the trial court was free to consider, as an aggravating factor, Appellant’s motivation in seeking out this victim because he was Haitian.
We quash the judgment and order awarding restitution dated February 11, 1993. In all other respects, the judgment and sentence are affirmed.
DELL, C.J., and STONE and KLEIN, JJ., concur.