PER CURIAM.
Sandy Daniels appeals the lower court’s denial of his motion for judgment of acquittal and imposition of costs and fees. We affirm the lower court’s denial of the motion for judgment of acquittal and imposition of attorney’s fees. We write solely to address Daniels’ claims regarding certain costs the lower court imposed.
The lower court filled out a form imposing a court cost of $3 pursuant to section 943.25(4), Florida Statutes and an additional sum of $2 pursuant to section 943.25(8), Florida Statutes. Section 943.25(4), Florida Statutes (1993) does not authorize a $3 cost and section 943.25(8), Florida Statutes (1993) does not authorize the imposition of an additional $2 cost. The referenced sections did impose these costs under the 1985 version of section 943.25, Florida Statutes. Since that time the section has been modified.*
We affirm the $3 and $2 cost awards. Acankta v. State, 622 So.2d 170 (Fla. 2d DCA 1993). The current authorization for the costs the lower court imposed is section 943.25(3) and section 943.25(13), Florida Statutes. We note the supreme court has amended the form to reflect the current statutory authority for the imposition of costs. In re Amendments to the Fla.Rules of Cr. Proc., 606 So.2d 227, 351 (Fla.1992).
In open court, the trial judge orally assessed a $100 lab cost in favor of the Florida Department of Law Enforcement. On the written judgment and sentence the lower *252 court incorrectly listed the $100 as restitution. The $100 lab cost is not restitution but is authorized by section 939.01(1), Florida Statutes (1993), if documented. That section provides:
In all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person.
(Emphasis supplied.) There was no documentation of the $100 cost. Accordingly, we direct that the $100 cost be stricken from the Judgment and Sentence form.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ERVIN, MINER, and BENTON, JJ., concur.

 First, section 943.25(4), Florida Statutes, which authorized the $3 cost, was reworded and the $3 was imposed in the introductory language to the section, effective July 1, 1986. Ch. 86-187, § 16, at 1388, Laws of Fla. Next, the section was reworded and the $3 was imposed pursuant to section 943.25(3), Florida Statutes, and section 943.25(8) which authorized the additional $2 was reworded and the $2 was authorized pursuant to section 943.25(13), Florida Statutes, effective October 1, 1987. Ch. 87-186, § 3, at 1240, 1243 Laws of Fla.