685 So.2d 1386 (1997)
David L. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1043.
District Court of Appeal of Florida, Fifth District.
January 10, 1997.
*1387 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
David Lee Jackson appeals his judgments of guilt and sentences after he entered a plea of nolo contendere in five separate lower court cases. We affirm the judgments and sentences except those portions of the probation order set forth below.
Condition seven of appellant's probation order requiring him to submit to random drug testing, as directed by his probation officer, is a general condition of probation, and therefore need not be orally announced. § 948.03(1)(k), Fla.Stat. (1995). However, the additional requirement of having the appellant pay for the drug testing is a special condition which, to be valid, had to be orally announced. Justice v. State, 674 So.2d 123 (Fla.1996). A second cost which must be stricken from appellant's order of probation is a $50 non-recurring processing fee, which was to be imposed on appellant in the event he obtained administrative probationary status after completing one-half of his probation. This cost must be stricken because there appears to be no statutory authorization for it. Madison v. State, 664 So.2d 1140 (Fla. 5th DCA 1995). Finally, the appellant properly brings to this court's attention an additional discrepancy between the conditions announced orally in court and the written order of probation. At the sentencing hearing the trial court orally pronounced that appellant should avoid all contact with one of his victims, Jerome Williams and that victim's wife, and that further, he should not come within two miles of their residence. On remand the written order should be revised to include this orally announced condition. Avery v. State, 543 So.2d 296 (Fla. 5th DCA), appeal dis'm, 553 So.2d 1164 (Fla.1989).
JUDGMENT AFFIRMED; SENTENCE VACATED IN PART; AND REMANDED.
PETERSON, C.J., and GRIFFIN and ANTOON, JJ., concur.