PER CURIAM.
In this belated appeal from appellant’s judgment and sentence following his plea of guilty, we affirm without discussion the third issue raised by appellant.
In regard to the first issue raised, appellant argues and the state properly concedes that the restitution order must be reversed because appellant was not provided notice and an opportunity to be heard nor was an evidentiary basis for the amount established. Bowers v. State, 679 So.2d 340 (Fla. 1st DCA 1996); Rhoden v. State, 622 So.2d 122 (Fla. 1st DCA 1993)(reversing restitution order entered without oral pronouncement of restitution or opportunity for defendant to be heard on amount assessed); Palag v. State, 622 So.2d 1151 (Fla. 1st DCA 1993)(reversing restitution order where amount of restitution never mentioned and record silent with regard to basis for determining restitution amount). We remand for procedures in accordance with section 775.089, Florida Statutes.
We affirm as to appellant’s claim of entitlement to withdraw his plea based on the court’s failure to formally accept the plea. Appellant never moved to withdraw his plea. The issue, therefore, is not preserved. Demartine v. State, 647 So.2d 900 (Fla. 4th DCA), appeal dismissed, 657 So.2d 1162 (Fla.1995).
In all other respects appellant’s judgment and sentence are affirmed. Accordingly, the cause is affirmed in part, reversed in part, and remanded with directions.
MINER, ALLEN and PADOVANO, JJ., concur.