THOMPSON, Judge.
In this Anders appeal[1] appellant entered a no contest plea to unlawful possession of a controlled substance and was placed on drug offender probation for 30 months. Several conditions of probation must be stricken. The requirements that appellant be financially responsible for blood or other tests requested by his probation officer (condition 12) and that appellant be financially responsible for summary fees as the result of any alcohol or drug evaluation (condition 16), are hereby stricken because they were not orally imposed as special conditions of probation by the trial court. See Jackson v. State, 685 So.2d 1386 (Fla. 5th DCA 1997).
Furthermore, condition 13, which requires that appellant pay a $50 non-recurring processing fee and a 4% surcharge, was not orally imposed by the trial court and there appears to be no statutory authority for it. Id. That fee is likewise stricken.
As appellant committed his offense on 4 July 1994, there was no statutory authority at that time for the $1 per month First Step fee imposed in condition 18. That assessment is therefore stricken. See Bruce v. State, 687 So.2d 1322 (Fla. 5th DCA 1997).
Finally, special conditions 15,19, and 20 of the written probation order, which prohibit all consumption of alcoholic beverages[2] and require attendance at specific educational programs,[3] were not orally pronounced by the trial court and therefore must also be stricken.
PROBATION ORDER VACATED IN PART; AFFIRMED AS MODIFIED.
DAUKSCH and GOSHORN, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. See Boyd v. State, 688 So.2d 959 (Fla. 2d DCA 1997).

. See Welborn v. State, 687 So.2d 35 (Fla. 4th DCA 1997).