ON MOTION FOR REHEARING

PER CURIAM.
We deny the state’s motion for rehearing but substitute this opinion for the earlier opinion filed on June 20,1997.
In this appeal conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm appellant’s convictions and sentences except as set forth below. Our independent review of the record discloses no reversible error other than the errors mentioned in the Anders brief.
One, appellant’s written judgment improperly designates his petit theft conviction as a first-degree misdemeanor. The information in the instant ease charged him with theft of currency valued at less than $300, which is a second-degree misdemeanor, but did not refer to any prior theft conviction to warrant reclassification as a first-degree misdemeanor. See § 812.014(3)(b), Fla. Stat. (1995); Lewellen v. State, 682 So.2d 186 (Fla. 2d DCA 1996); Jenkins v. State, 617 So.2d 836 (Fla. 4th DCA 1993). The trial court is directed to correct the judgment accordingly.
Two, the order of probation incorrectly contains several special conditions that were not orally pronounced. Condition 11 and special condition 19 require appellant to be financially responsible for any urinalysis, testing or substance abuse treatment. Further, special condition 15 requires him to enter into a probationers’ educational growth program and special condition 18 requires him to abstain totally from consuming alcohol. Finally, condition 12 requires him to pay a one-time $50 non-recurring processing fee and an accompanying 4%. surcharge in conjunction with administrative probation. Since none of these special conditions were orally pronounced, they must be stricken. See Gearhart v. State, 692 So.2d 316 (Fla. 5th DCA 1997); Jackson v. State, 685 So.2d 1386 (Fla. 5th DCA 1997).[1] See also Justice v. State, 674 So.2d 123 (Fla.1996).
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH, COBB and ANTOON, JJ., concur.

. We do, however, lake this opportunity to clarify the issue of the existence, vel non of statutory authority for the cost provision in condition 12. Section 948.001(1), Florida Statutes (1995) dealing with probation and community control does provide that the Department of Corrections "is authorized to collect an initial processing fee of up to $50.00 for each probationer reduced to administrative probation. Such offender is exempt from further payment for cost of supervision as required in s. 948.09.”