791 So.2d 1162 (2001)
Kevin TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3959.
District Court of Appeal of Florida, First District.
July 24, 2001.
*1163 Nancy A. Daniels, Public Defender, and Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Robert A. Butterworth, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
In this direct appeal, Appellant challenges the imposition of a three-year minimum mandatory sentence for possession of a firearm pursuant to section 775.087(2), Florida Statutes, and certain costs, fees and restitution ordered. We affirm the minimum mandatory sentence and imposition of the public defender's fee.
We strike the $330 investigation and prosecution cost from the written order because the State failed to provide documentation of this requested amount. See Daniels v. State, 656 So.2d 251 (Fla. 1st DCA 1995); § 938.27(1), Fla. Stat. The $2 discretionary cost imposed pursuant to section 938.15, Florida Statutes, is also stricken because it cannot be imposed without Appellant receiving notice and an opportunity to be heard. See Brooks v. State, 676 So.2d 48 (Fla. 1st DCA), rev. denied, 683 So.2d 482 (Fla.1996); Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995). On remand, the trial court may reimpose these costs after complying with the "procedural safeguards" set forth in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). See id.; Lee v. State, 677 So.2d 41, 43 (Fla. 1st DCA 1996).
Where, as here, the State did not provide any evidence of the amount of a victim's loss, imposition of restitution deprived Appellant of an opportunity to be heard as to the amount assessed. See Rhoden v. State, 622 So.2d 122, 122-23 (Fla. 1st DCA 1993). Therefore, we strike the $3,685.62 in restitution from the written order and remand for further proceedings consistent with section 775.089, Florida Statutes. See Rhoden, supra, at 123; Norman v. State, 659 So.2d 722 (Fla. 1st DCA 1995)(citing Dubois v. State, 650 So.2d 228 (Fla. 1st DCA 1995); Medina v. State, 633 So.2d 578 (Fla. 4th DCA 1994); Rhoden, supra).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ALLEN, C.J., ERVIN and BOOTH, JJ., CONCUR.