832 So.2d 840 (2002)
Tommy A. TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4781.
District Court of Appeal of Florida, Second District.
November 15, 2002.
Rehearing Denied December 24, 2002.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Tommy Tucker appeals from his conviction and sentence for burglary of a dwelling. We find merit only in Tucker's arguments that the trial court erred in imposing certain costs on him and that the written sentence contains a scrivener's error. Tucker preserved these sentencing errors by filing a motion under Florida Rule of Criminal Procedure 3.800(b).
First, Tucker argues that the trial court erred in imposing $601.25 in costs of prosecution because the costs were not documented. When costs of prosecution are imposed, the State must provide documentation for the costs, and the defendant must be given notice and an opportunity to be heard. Mickler v. State, 682 So.2d 607 (Fla. 2d DCA 1996). At sentencing, the prosecutor requested the costs on the record but never produced the supporting documentation at the time the costs were actually imposed. The prosecutor again *841 failed to provide documentation at the rule 3.800(b) hearing.
The procedure employed by the State in this case does not meet the procedural requirements of section 938.27, Florida Statutes (1997) (formerly section 939.01, Florida Statutes), which states: "The burden of demonstrating the amount of costs incurred is on the state attorney." § 938.27(6). Accordingly, we strike the costs of prosecution. On remand, the State may again seek to recover its costs of prosecution if it can produce the required documentation. Welch v. State, 724 So.2d 651 (Fla. 2d DCA 1999).
Tucker next argues that the trial court erred in ordering him to pay a $25 cost pursuant to Administrative Order 3.1. The administrative order, which the trial court attached to its order on the rule 3.800(b) motion, cites to section 939.01(8), Florida Statutes (now numbered as 938.27(8)); however, that section does not authorize the imposition of any costs. Section 939.01(8) states: "The court may order the clerk of the court to collect and dispense cost payments in any case." Therefore, we strike the $25 cost as unauthorized. See Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992) (striking a fee assessed pursuant to a county court administrative order because it was not specifically authorized by statute).
Finally, Tucker argues, and the State concedes, that the reference to a twenty-five-year mandatory minimum sentence in his judgment and sentence is a scrivener's error. We agree. On remand, the trial court should enter a corrected judgment and sentence.
We affirm Tucker's judgment and fifteen-year sentence, strike the costs of prosecution and the unauthorized administrative cost, and remand for entry of a corrected judgment and sentence.
Affirmed; remanded with instructions.
PARKER and SALCINES, JJ., Concur.