845 So.2d 310 (2003)
David HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-666.
District Court of Appeal of Florida, Second District.
May 16, 2003.
James Marion Moorman, Public Defender, and Celene Humphries, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
David Hill challenges the court's imposition of $300 in investigative costs for the Pinellas Park Police Department. The State concedes error because the State failed to document its request for costs. See Tucker v. State, 832 So.2d 840 (Fla. 2d DCA 2002).
In requesting costs, the prosecutor merely stated: "And the Pinellas Park Police Department is asking for $300 in investigative costs." No documentation was presented in support of this request, contrary to section 938.27(1), Florida Statutes (2000), which allows the court to impose the costs of prosecution, "including investigative costs incurred by law enforcement *311 agencies ... if requested and documented by such agencies."
Although Hill did not object at sentencing to the imposition of these investigative costs, he did raise this issue in his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which the trial court denied.
Accordingly, we strike the $300 in investigative costs and remand to the trial court with directions that such costs may be reimposed following the State's production of the required documentation pursuant to Reyes v. State, 655 So.2d 111, 114 (Fla. 2d DCA 1995). See Tucker, 832 So.2d at 841; Taylor v. State, 821 So.2d 404, 405 (Fla. 2d DCA 2002); Welch v. State, 724 So.2d 651 (Fla. 2d DCA 1999).
Costs stricken; remanded.
FULMER and CANADY, JJ., Concur.