860 So.2d 1095 (2003)
John Michael PAGLIUCA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3608.
District Court of Appeal of Florida, Fifth District.
December 12, 2003.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
John Michael Pagliuca challenges the trial court's imposition of $250.00 for the costs of prosecution and the requirement that he enroll in a probationers' educational growth program pursuant to a special condition of his community control.
Section 938.27(1), Florida Statutes (2002), allows the trial court to impose the costs of prosecution "if requested and documented....", but in Pagliuca's case, the State presented no documentation. Consequentially, *1096 we strike that portion of his sentence assessing the $250.00 for costs of prosecution and remand to the trial court for reimposition of the fees only if the State provides the necessary documentation. See, e.g., Hill v. State, 845 So.2d 310 (Fla. 2d DCA 2003), and citations therein.
The requirement that Pagliuca enroll in a probationers' educational growth program as a special condition is neither statutorily authorized nor contained within the standard conditions of community control. Therefore, it must be orally pronounced at sentencing in order to be validly imposed. § 948.03(1), Fla. Stat. (2002); e.g., Queen v. State, 832 So.2d 956 (Fla. 5th DCA 2002). Since special condition nineteen was not orally pronounced, it must be stricken. Harris v. State, 698 So.2d 343 (Fla. 5th DCA 1997).
We strike the assessment of $250.00 costs of prosecution and remand to the trial court with directions that such costs may be reimposed only after the State produces the required documentation. Special condition nineteen is stricken because it was not orally pronounced at the time of sentencing.
REVERSED AND REMANDED.
SHARP, W., J., concurs.
GRIFFIN, J., concurs in part, dissents in part.
GRIFFIN, J., concurring in part; dissenting in part.
I agree that the assessment for "cost of prosecution" must be stricken. I disagree that we should remand for a second hearing. There was a failure of proof and that should be the end of it.