884 So.2d 1070 (2004)
Jorge Luis MUNOZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1634.
District Court of Appeal of Florida, Fifth District.
October 15, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Jorge Luis Munoz appeals his convictions for conspiracy to traffic in more than 28 grams of heroin and for the sale and delivery of heroin. Munoz was sentenced to 30 years in prison with a 25-year minimum mandatory term on the conspiracy charge and to a concurrent 15-year sentence for the sale and delivery of heroine. The trial court also imposed a mandatory $50,000 fine. He also appeals the assessment of investigative costs of $818.30. We affirm the convictions finding no error, but we strike the imposition of costs and remand to give the state an opportunity to produce the appropriate documentation.
Section 938.27, Florida Statutes, (2001) requires the court to impose costs if requested and documented by the investigating agency:
(1) In all criminal cases, convicted persons are liable for payment of the documented costs of prosecution, including investigative costs incurred by law enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, if requested by such agencies. These costs shall be included and entered in the judgment rendered against the convicted person.
At sentencing, the state referred the trial court to some paperwork regarding costs, but the paperwork is not in the record. The court imposed the $818.30, costs stating that the amount was the balance after the assessment against Munoz's co-defendant. Section 938.27(6), Florida Statutes, places the burden on the state to substantiate the amount of costs. Although there was no objection at trial to this lack of substantiation, the error is preserved because Munoz unsuccessfully sought correction by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
We reverse this portion of the sentencing order with the proviso that the assessment may be reimposed if the state documents the investigative costs. See Tucker v. State, 832 So.2d 840 (Fla. 2d DCA 2002) (stating that "[w]hen costs of prosecution are imposed, the state must provide documentation for the costs, and the defendant must be given notice and an opportunity to be heard"). Such costs may be reimposed if the state can produce the required documentation at a noticed hearing. Hill v. State, 845 So.2d 310 (Fla. 2d DCA 2003); Terry v. State, 791 So.2d 1162 (Fla. 1st DCA 2001).
We affirm the convictions, strike the imposition of costs, and remand to provide the state an opportunity to comply with the procedural requirements of section 938.27.
*1071 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
PLEUS and MONACO, JJ., concur.