GRIFFIN, J.
Andre McCarthy [“McCarthy”] seeks review of certain costs and fees imposed at the time of sentencing.
On July 23, 2003, McCarthy was charged by information with robbery and entered a plea of nolo contendere. The court withheld adjudication and sentenced McCarthy to eighteen months of community control. At the hearing, the trial court orally pronounced fines and costs. The written judgment included a $250.00 discretionary charge to the State Attorney for cost'of prosecution, as well as a $150.00 discretionary charge to the Daytona Beach Police Department for costs of investigation.
On February 6, 2004, McCarthy filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In this motion, he argued that there was no statutory authority for the imposition of a generic State Attorney’s fee, and that the State did not request such nor provide any record documentation in support of'such a fee or for the fee for police investigation costs. McCarthy asked that these two fees be stricken from the final judgment.
The State concedes that no request for documentation of these fees was provided as required by statute. The State requests that the fees be stricken and remanded to the trial court with directions that the costs may be reimposed following the State’s production of the required documentation.
Section 938.27(1), Florida Statutes (2002), governing the judgment for costs on conviction, provides that “[i]n all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies ... if requested and documented by such agencies, shall be included and entered in the judgment ...” In this case, it is undisputed that neither the State Attorney’s office nor the Dayto-na Beach Police Department requested or documented their' costs. Therefore, these costs must be stricken from the judgment. The prevailing view of Florida courts is that if the State fails to offer proof to support a cost claim against a defendant, the State should be given a new hearing and another opportunity to offer proof. See Pagliuca v. State, 860 So.2d 1095 (Fla. 5th DCA 2003) and cases cited therein. If the courts do not view the failure to provide documentation at the first hearing as fatal, there seems to be no good reason to find the failure to make the request to be fatal. We therefore reverse, but remand to give the State another opportunity to request and document the stricken costs.
REVERSED and REMANDED.
SHARP, W., and THOMPSON, JJ., concur.