896 So.2d 866 (2005)
Troy ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2806.
District Court of Appeal of Florida, Fifth District.
February 25, 2005.
*867 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie J. Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Troy Armstrong appeals his conviction and sentence for introduction of a controlled substance (less than 20 grams of marijuana concealed in his shoe) into a county detention facility[1] and driving with a suspended license.[2] He received probation and as special conditions thereof, certain costs were imposed, some of which were neither documented nor requested by the State and some of which were imposed without the necessary finding of ability to pay. More specifically:
1. Condition 21 of the probation order assesses $260.00 for the cost of prosecution pursuant to section 938.27, Florida Statutes (2003). The State neither asked for this assessment nor presented proof of the expenditures.
2. Condition 22 of the probation order assesses $160.00 for investigative costs of the Flagler County Sheriff's Office without a request for or documentation to support the assessment.
3. Condition 23 of the probation order assesses a $150.00 court facility fee pursuant to section 939.18, Florida Statutes (2003), without complying with the statutory requirement of finding an ability to pay.

*868 4. Condition 24 of the probation order requires payment of $30.00 for substance abuse testing as required by the Department of Correction. This condition was not orally pronounced and appeared for the first time in the written order imposing probation.
The court's failure to orally pronounce condition 24 at sentencing requires us to strike the condition of payment for the drug tests and bar the reimposition after remand. See, e.g., Porchia v. State, 705 So.2d 1050, 1051 (Fla. 5th DCA 1998), approved, 716 So.2d 766 (Fla.1998); Harris v. State, 698 So.2d 343 (Fla. 5th DCA 1997). We also vacate the above-described conditions 21, 22 and 23, but remand for reimposition of the costs if the requirements of sections 938.27(1) and 939.18 can be met. See, e.g., Pagliuca v. State, 860 So.2d 1095 (Fla. 5th DCA 2003); Vidal v. State, 820 So.2d 408 (Fla. 2d DCA 2002).
JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART AND REVERSED IN PART; REMANDED.
SAWAYA, C.J., PETERSON and MONACO, JJ., concur.
NOTES
[1] § 951.22, Fla. Stat. (2003).
[2] § 322.34, Fla. Stat. (2003).