938 So.2d 654 (2006)
FREDDIE ALLEN GILCHRIST, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-1851.
District Court of Appeal of Florida, Fourth District.
October 11, 2006.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Freddie Gilchrist, appeals his conviction of two counts of aggravated battery on a pregnant woman. For the reasons that follow, we reverse and remand for a new trial. In addition, we remand the order of probation to the trial court for correction. We also reverse the imposition of prosecutorial and investigative costs and remand for the trial court to determine if the statutory requirements have been met to reimpose the costs.
According to the eyewitness testimony presented at trial, two pregnant women were arguing with Gilchrist outside, in front of a house. Apparently, the argument was a confrontation about Gilchrist impregnating both women. Gilchrist hit one of the women, Kimberly Hooper, in the face with an open-hand slap. When Hooper told Gilchrist to stop and leave her alone, Gilchrist hit her again in the same manner. Hooper attempted to push him away from her, and she eventually managed to get away and retrieve a tire iron from the trunk of a car. Hooper told him not to touch her, to leave her alone, and that she wanted her money, but Gilchrist snatched the tire iron from her and slapped her again. He then picked up a garden stone and threw it at her stomach, but it landed at her feet. Gilchrist also slapped Noracis Brown, the other pregnant woman, and grabbed both women in choke-holds by their necks, hitting their heads together. As Brown started to walk away, he snatched her by the arm and pulled her head down. He slapped her several times and snatched the weave track from her hair as Brown was crying for help. The eyewitnesses agreed that although the women tried to defend themselves, neither woman attacked Gilchrist.
Contrary to the testimony of the State's eyewitnesses, Gilchrist testified that all of his actions were taken in self-defense and that Brown and Hooper instigated the attack. According to Gilchrist, he had an argument with Hooper, and when he tried to leave, Brown grabbed him by the arm. Hooper grabbed him by the neck and was choking him. Because Gilchrist could not breathe and was about to pass out, he bit her on the arm. Hooper then tried to bust the windows of Gilchrist's car with a jack, so he grabbed the jack and threw it by a tree. According to Gilchrist, Hooper hit him, and he grabbed her by the neck. Hooper also snatched his jewelry and was holding his shirt. Meanwhile, Brown came up from behind and hit him. Gilchrist explained that he pulled Brown's hair to stop her from getting the jack thrown by Hooper.
During the charge conference, Gilchrist requested that the court instruct the jurors on self-defense and justifiable use of non-deadly force. The instruction read in part:
Freddie Gilchrist would be justified in using force not likely to cause death or great bodily harm against Kimberly Hooper or Noracis Brown if the following two facts are proved: Number one, Freddie Gilchrist must have reasonably believed that such conduct was necessary to defend himself against Kimberly Hooper's or Noracis Brown's imminent use of unlawful force against Freddie Gilchrist; number two, the use of unlawful force by Kimberly Hooper or Noracis Brown must have appeared to Freddie Gilchrist ready to take place.
The use of force not likely to cause death or great bodily harm is not justifiable if you find: one, that Freddie Gilchrist was attempting to commit, committing, or escaping after the commission of aggravated battery upon a pregnant woman; two, Freddie Gilchrist initially provoked the use of force against himself, unless the force asserted toward the Defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using force not likely to cause death or great bodily harm to Kimberly Hooper or Noracis Brown; (B) in good faith, the defendant withdrew from physical contact with Kimberly Hooper or Noracis Brown and indicated clearly to them that he wanted to withdraw and stop the use of force not likely to cause death or great bodily harm but Kimberly Hooper or Noracis Brown continued or resumed the use of force.
The jury returned a verdict of guilty as charged on both counts. In pronouncing the sentence, the trial court stated, "He's yet to admit or concede his guilt. He had the opportunity to speak today and you had to drag the words out of his mouth. I don't see the least bit of remorse. I don't even know that he realizes what he's done is wrong." The trial court sentenced him to seventy-two months in prison for both counts, to run concurrently, followed by one year of probation. Without objection, the trial court also assessed costs of investigation of $50 and costs of prosecution of $24.
On appeal, Gilchrist challenges his conviction and sentence on several grounds. First, Gilchrist argues that this court should reverse his convictions for aggravated battery because the instruction as given negated his self-defense claim. Specifically, the challenged instruction reads as follows:
The use of force not likely to cause death or great bodily harm is not justifiable if you find: one, that Freddie Gilchrist was attempting to commit, committing, or escaping after the commission of aggravated battery upon a pregnant woman. . . .
We agree that the instruction was erroneous. A court's decision to give a particular instruction should not be reversed "unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury." Giles v. State, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002). In Giles, we concluded that this particular instruction was misleading and confusing such that the effect was to negate the defendant's only defense to the charge of aggravated battery. Id. Similarly, in Williams v. State, 901 So. 2d 899, 900 (Fla. 4th DCA 2005), we held that where a defendant is charged only with an aggravated battery, and the defendant claims that the aggravated battery was in self-defense, giving the instruction improperly negates the self-defense claim. The instruction is applicable "only in circumstances where the person claiming self-defense is engaged in another, independent forcible felony at the time" and is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony. Giles, 831 So. 2d at 1265.
Even though Gilchrist was charged with committing two aggravated batteries on two different women, they are both acts for which he claimed self-defense. Gilchrist was not engaged in a separate forcible felonious act at the time of the alleged aggravated batteries. The instruction thereby negated his defense for both aggravated batteries by telling the jury that the very act Gilchrist sought to justify precluded a finding of justification. To give this particular jury instruction in a case such as this is to commit fundamental error. See Williams, 901 So. 2d at 900. We therefore reverse Gilchrist's convictions and sentences for aggravated battery and remand for a new trial.
Second, Gilchrist argues that the trial court erred in considering improper grounds in arriving at his sentence. We agree. Although we reverse his conviction and sentence and remand for a new trial based upon the jury instruction error, we comment on the sentencing issue in the event it becomes an issue following remand. In sentencing Gilchrist, the court stated, "He's yet to admit or concede his guilt. He had the opportunity to speak today and you had to drag the words out of his mouth. I don't see the least bit of remorse. I don't even know that he realizes what he's done is wrong." The court also made the following comment at the hearing on the Rule 3.800(b)(2) motion: "As to whether or not I improperly considered lack of remorse and those kinds of things at sentencing, I certainly didn't consider it in enhancing the sentence. I may have considered it in not mitigating the sentence."
When a court predicates the length of a sentence on the defendant's failure to show any inclination toward repentance, the court violates the defendant's right not to be required to incriminate himself. See Harden v. State, 428 So. 2d 316, 317 (Fla. 4th DCA 1983). Although the court did not impose the statutory maximum or upwardly depart from the sentencing guidelines, the record indicates that the court considered Gilchrist's failure to confess and lack of remorse in determining his sentence. This is so because the trial court indicated that lack of remorse and failure to confess were considered in not mitigating the sentence. Thus, this was a sentencing error.
Third, Gilchrist argues that the trial court improperly assessed $ 50 for costs of investigation and $24 for costs of prosecution, and consequently, the costs should be stricken from the written sentencing documents. We agree with Gilchrist's argument that the trial court erred in sua sponte requiring him to pay these costs without fully addressing the subjects at sentencing and without notice and proof of the costs incurred. The State argues that, rather than striking the costs, this court should remand to the trial court to reimpose the costs of investigation and prosecution pursuant to the statutory requirements.
The statute governing the assessment of fees in this case is section 938.27, Florida Statutes (2005), which states:
(1) In all criminal cases, convicted persons are liable for payment of the documented costs of prosecution, including investigative costs incurred by law enforcement agencies . . . if requested by such agencies. These costs shall be included and entered in the judgment rendered against the convicted person.
(4) Any dispute as to the proper amount or type of costs shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of costs incurred is on the state attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
Had the costs judgment not been automatically reversed with the reversal of the conviction, we would conclude that the State has recommended the more appropriate remedy in this case, to reverse the imposition of prosecution and investigative costs and remand for the trial court to reimpose the costs if the requirements of section 938.27 can be met. See Armstrong v. State, 896 So. 2d 866, 868 (Fla. 5th DCA 2005) (vacating the imposition of costs for investigation and prosecution and remanding for reimposition of the costs if the requirements of section 938.27(1) could be met). Furthermore, Gilchrist must be given notice and an opportunity to be heard, and the State must provide the appropriate documentation for the costs. See Miller v. State, 912 So. 2d 1282, 1282 (Fla. 2d DCA 2005) (stating that "when imposing discretionary costs, the court must give the defendant notice and an opportunity to be heard"); Munoz v. State, 884 So. 2d 1070 (Fla. 5th DCA 2004) (concluding that "such costs may be reimposed if the state can produce the required documentation at a noticed hearing"). Thus, upon retrial, if Gilchrist is convicted, the trial court after notice and hearing must determine if the statutory requirements have been met to reimpose the costs.
Finally, Gilchrist argues, and the State agrees, that the probation order erroneously reflects that he entered a plea despite the fact that he was found guilty after a jury trial. Therefore, that order must be amended nunc pro tunc to reflect that Gilchrist did not enter a plea but was tried and convicted.
In conclusion, based upon the erroneous jury instruction, we reverse Gilchrist's conviction, sentence, and costs, and remand for a new trial. The instruction given improperly negated Gilchrist's defense for both aggravated batteries, and as such, constituted fundamental error which warrants a new trial.
Reversed and Remanded for New Trial.
GUNTHER, KLEIN and MAY, JJ., concur.
Not final until disposition of timely filed motion for rehearing.