942 So.2d 1042 (2006)
Betty Sue PHILLIPS, n/k/a Betty Sue MacBride, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-881.
District Court of Appeal of Florida, Second District.
December 8, 2006.
*1043 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Betty Sue Phillips appeals an order imposing upon her more than fifteen thousand dollars in costs of investigation, payable to the Florida Department of Law Enforcement and the United States Postal Service. The order was entered after she pleaded guilty to one count of criminal use of personal identification information, i.e., identity theft, in violation of section 817.568(2)(a), Florida Statute (2003), a third-degree felony. We reverse the order imposing costs of investigation because there is insufficient evidence to support the amount ordered.
The facts supporting the charge against Ms. Phillips illustrate a growing problem in our increasingly high-tech society. Sometime in February 2004, two individuals burglarized the Haines City Post Office. Numerous checks belonging to post office customers were stolen and later fenced to a third person who, in turn, distributed the checks to Ms. Phillips and others. Additionally, the three helped Ms. Phillips to create a false identification card bearing her picture but containing the name of a victim of the check theft. Ms. Phillips then went to several stores where, using the false identity, she wrote checks on the victim's account totaling $2016.16.
Ms. Phillips admitted her involvement in the falsified check passing scheme to investigators, and in August 2005, the court accepted her plea to the charge.
In total, the identity theft ring consisted of only six people. Regarding Ms. Phillips, the prosecutor acknowledged that she was a minor player who did not participate in the post office burglary. Additionally, the prosecution advised the court that Ms. Phillips aided the State's case against the ring's three major players. As part of her sentence, the prosecutor sought the total cost of the investigation, including the postal service's investigation into the burglary and the State's investigations of the fence and the two other check passers.
The court sentenced Ms. Phillips to four years' incarceration and imposed court costs, cost of prosecution, and $2016.16 in restitution. At this sentencing hearing, however, the court expressed concern that the investigative costs soughtover thirty-three thousand dollarswere disproportionate to Ms. Phillips' level of involvement *1044 in the scheme or the minimal investigative efforts directed toward her by the FDLE and the postal inspector. The prosecutor offered to refigure the amount to allay the court's concerns, and in response the court postponed a final decision on this one point, stating that it would retain jurisdiction for sixty days to determine the amount of investigative costs.
At the hearing, in January 2006, the trial court, unfortunately, was not provided evidence of the investigative costs. To support the claim for over fifteen thousand dollars in investigative costs, the prosecutor obtained affidavits from unspecified individuals. The court told defense counsel that it would hear any evidence the defense had to dispute any amount contained in the affidavits and would hold an evidentiary hearing on any cost in dispute. Defense counsel had no evidence or testimony to discredit the affidavits but argued that the affidavits were insufficient to support an order for investigative costs and requested that the amount be set at zero. The trial court was not persuaded and entered the order on appeal. In so ordering, the court erred.
This court's record of the trial court's proceedings does not contain the affidavits supporting the amount ordered. This severely hampers appellate review and is probably due to the fact that the affidavits were never entered into evidence.[1] Before a court can impose an order on costs, it must have competent evidence of those costs. See Tory v. State, 686 So.2d 689, 694 (Fla. 4th DCA 1996) ("Where appellant has objected to the proper amount of costs to be ordered, section 939.01(6), Florida Statutes, requires the matter to be resolved by the court by a preponderance of the evidence.").[2] "The burden of demonstrating the amount of costs incurred is on the state attorney." § 938.27(4), Fla. Stat. (2003). Although the affidavits were mentioned at the January 2006 hearing, the transcript reveals that the prosecutor never offered them nor were they admitted into evidence. We do not put form over substance in requiring that this evidence be entered in the record. Until such evidence is offered for the court's consideration, defense counsel has nothing to object to.
Because the trial court was without evidence of any amount of investigative costs, it erred by entering an order imposing an award of those costs upon Ms. Phillips. See Howard v. State, 920 So.2d 764, 765 (Fla. 2d DCA 2006) (reversing imposition of cost of prosecution because State failed to document its request for costs); Hill v. State, 845 So.2d 310, 310 (Fla. 2d DCA 2003) (reversing award of investigative costs where State concedes error because of failure to document its request for costs.)
We reverse the order on appeal and remand with instructions to hold a new hearing.
KELLY and CANADY, JJ., Concur.
NOTES
[1] We leave for another time whether affidavits are properly admissible in this type of hearing and whether such affidavits could provide competent, substantial evidence of the reasonable costs of investigation, given the defendant's inability to cross-examine an affidavit.
[2] Section 939.01 since been renumbered section 938.27. Ch. 97-271, § 21, at 4993, Laws of Fla.