IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KEVIN TAYLOR,

      Appellant,

v.                                      Case No. 5D16-4252

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 13, 2018

Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

Terrence E. Kehoe, of Law Office of
Terrence E. Kehoe, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     Kevin Taylor appeals his judgment and sentence for attempted human trafficking

for the purpose of exploiting a child through commercial sexual activity and unlawful use

of a two-way communication device in furtherance of the commission of a felony. Taylor

raises the following arguments: 1) the evidence was insufficient to support a conviction

for unlawful use of a two-way communication device in furtherance of a felony; 2) the trial

court erred by limiting the cross-examination of a witness; 3) the State made improper comments during closing argument that warrant reversal and a new trial; 4) the trial court erred in imposing costs of investigation; and 5) the judgment failed to state that Taylor was tried by a jury.

We agree that the trial court erred in imposing costs of investigation, as the State did not request them. See Foulkes v. State, 221 So. 3d 789, 790 (Fla. 5th DCA 2017). We therefore remand for the trial court to strike these costs from the judgment, noting that the State should be given the opportunity to request the imposition of costs. See McCarthy v. State, 893 So. 2d 689, 690 (Fla. 5th DCA 2005).

We also remand for the trial court to correct the scrivener's error in the judgment, which failed to indicate that Taylor was tried by a jury and found guilty. See Harvey v. State, 146 So. 3d 66, 66 (Fla. 5th DCA 2014). In all other respects, we affirm without further discussion.

AFFIRMED in part, REVERSED in part, REMANDED.

SAWAYA, BERGER and WALLIS, JJ., concur.