DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RAFAEL A. CARRION,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D18-4289

_____

September 22, 2021

Appeal from the Circuit Court for Lee County, Nicholas R. Thompson, Judge.

Howard L. Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan S. Tannen, Assistant Attorney General, Tampa, for Appellee.


SMITH, Judge.

Rafael A. Carrion appeals his judgment and sentences

rendered after a jury found him guilty of second-degree murder,

aggravated manslaughter, and aggravated child abuse.  We affirm Mr. Carrion's convictions and sentences without further comment. We write only to address Mr. Carrion's argument that his judgment must be corrected to indicate that he was found guilty by a jury—an error that the State concedes.  However, we decline to address this issue on appeal because "it was not preserved either before this appeal by objection in the trial court or while this appeal was pending by the filing of a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)." *Perkins v. State*, 53 So. 3d 1141, 1141 (Fla. 2d DCA 2011); *see also Del Rosario v. State*, 306 So. 3d 327, 327 (Fla. 3d DCA 2020) (affirming appellant's conviction and sentence without prejudice for appellant to file a rule 3.800(b) motion to correct error in sentencing order despite State's concession of error).[1]

---

[1] We acknowledge that there are cases where appellate courts have exercised their jurisdiction to include remanding with directions that the trial court correct a scrivener's error in a judgment; however, it is unclear from those cases whether a rule 3.800(b) motion had been filed below.  *See, e.g.*, *Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017) (remanding for trial court to correct scrivener's error in judgment that incorrectly reflected the defendant was convicted of the wrong offense without mention of whether a rule 3.800(b) motion was filed); *Willingham v. State*, 48 So. 3d 173, 173 (Fla. 2d DCA 2010) (remanding for trial court to

While Mr. Carrion argues that the scrivener's error is an error in the written judgment and, as such, does not constitute a "sentencing" error that can be corrected by way of a rule 3.800(b) motion, we disagree.  The court commentary to rule 3.800 expressly provides that "[a] scrivener's error in this context describes clerical or ministerial errors in a criminal case that occur in the written sentence, <u>judgment</u>, or order of probation or restitution."  Fla. R. Crim. P. 3.800 court's commentary to 1999 amendments (emphasis added).  The commentary then defines the term "scrivener's error" as referring "to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error"

---

correct written judgment that erroneously indicated the defendant entered a no contest plea where the record revealed he was convicted after a jury trial); *Taylor v. State*, 242 So. 3d 1203, 1204 (Fla. 5th DCA 2018) (remanding to the trial court to correct a scrivener's error in the judgment which failed to indicate the defendant was tried by a jury and found guilty); *Bartee v. State*, 741 So. 2d 644, 645 (Fla. 4th DCA 1999) (affirming conviction and sentence but remanding for trial court to enter a correct judgment that reflects that the defendant was tried by a jury rather than that he "entered a plea of nolo contendere").  However, we distinguish those cases from the case before us where Mr. Carrion concedes that he has not filed a rule 3.800(b) motion with the trial court to present the court with the opportunity to correct the error.

and cites a series of cases with examples of scrivener's errors falling under that definition—including two that specifically indicated corrections within a written judgment. *Id.* (first citing *Allen v. State*, 739 So. 2d 166 (Fla. 3d DCA 1999) (remanding for the correction of a "scrivener's error" in the written order that adjudicated the appellant in contempt for "jailing polygraph exam" where the record revealed appellant was held in contempt for her failure to testify for the state pursuant to a trial subpoena); then citing *Florczak v. State*, 712 So. 2d 467, 467 (Fla. 4th DCA 1998) (remanding for correction of a "scrivener's error" where the appellant was acquitted of grand theft but the written judgment stated otherwise)); *see also Ashley v. State*, 850 So. 2d 1265, 1268 n.3 (Fla. 2003) (referencing rule 3.800(b) and explaining "we have defined scrivener's error as those 'clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution' " (citing *Amends. to Fla. R. of Crim. P. 3.111(e) & 3.800 & Fla. R. App. P. 9.020(h), 9.140, & 9.600*, 761 So. 2d 1015, 1023 (Fla. 1999))).

Accordingly, we affirm Mr. Carrion's judgment and sentences without prejudice to Mr. Carrion filing a timely motion to correct what the State concedes is a scrivener's error in the judgment.

Affirmed.

ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.