DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CODY ENRRIQUEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-694

[May 10, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562020CF001501A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Cody Enrriquez ("the defendant") appeals his convictions for sexual battery and lewd or lascivious molestation and the related sentences, raising numerous issues on appeal. With respect to his argument that he was entitled to a twelve-person jury, we affirm. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. pending*, No. SC22-1597. We reverse and remand for the trial court to correct his sentences with respect to certain costs and fees that were imposed, as discussed below. Otherwise, we affirm the defendant's convictions and sentences without further discussion, finding his arguments lack merit or were not preserved.

We accept the state's concession of error as to three sentencing matters. The trial court erred in imposing $200 for costs of prosecution where the prosecution costs were not shown to exceed $100, the state did not request additional prosecution costs, and the imposition of $200 in the written sentence conflicted with the trial court's oral pronouncement of $100 in prosecution costs. *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a

potential violation of the constitutional protection against double jeopardy."); *Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021) ("[R]eversal of a cost of prosecution above the statutory minimum is warranted where . . . the State never provided notice of intent to seek a higher amount, and no separate hearing was convened to provide the State with an opportunity to submit sufficient proof of higher costs."); *Bevans v. State*, 291 So. 3d 591, 594 (Fla. 4th DCA 2020) (holding trial court erred in imposing prosecution costs greater than $100 where there was no showing of sufficient proof of higher costs incurred).

The trial court also erred in imposing costs of investigation. *See Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014) (recognizing that trial court cannot impose investigation costs without evidence of the amount of the costs); *Gilchrist v. State*, 938 So. 2d 654, 658 (Fla. 4th DCA 2006) (holding trial court erred in sua sponte imposing investigation costs without notice and proof of the costs incurred).

Finally, the trial court erred in imposing the domestic violence surcharge on count II, as section 938.08, Florida Statutes (2020), does not encompass convictions under section 800.04, Florida Statutes (2020). On remand, the trial court shall reduce the costs of prosecution to $100 and strike the domestic violence surcharge on count II and the costs of investigation.[1]

*Affirmed in part, reversed in part, and remanded with directions.*

KLINGENSMITH, C.J., WARNER and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The state does not seek to present further evidence on remand for costs of prosecution and investigation and instead agrees that on remand, the costs of prosecution should be reduced to $100, and the investigative costs should be stricken.