DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN WILLIAM VILLECCO, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1545

_____

February 11, 2026

Appeal from the Circuit Court for Manatee County; Teresa Kaklis Dees, Judge.

Blair Allen, Public Defender, and Carly J. Robbins, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

MORRIS, Judge.

John Villecco, Jr., appeals his judgment and sentence for grand theft of a motor vehicle. We affirm the judgment and sentence, but we reverse the final judgment for fines and costs and remand for the trial court to strike $200 in investigative costs.

At the sentencing hearing, the trial court ordered "court costs, cost of prosecution, and cost of investigation payable to the Manatee County

Sheriff's Office." The final judgment for fines and costs includes $100 for "State Attorney Costs of Prosecution pursuant to F.S. 938.27(8)" and $200 for "Prosecution/Investigative Costs per 938.27, Fla. Stat.," for the "Manatee County Sheriff's Office."

Villecco filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), arguing that the $200 investigative costs were not requested by the State, were not announced by the court, and were not supported by an affidavit or evidence. He claimed that the State failed to meet its burden of supporting the amount of costs incurred in excess of the mandatory statutory amount of $100 for prosecution costs. Villecco also challenged a public defender fee imposed by the trial court.

The trial court granted Villecco's rule 3.800(b) motion in part—striking the public defender fee—but denied the balance of the motion without further explanation.

The $100 State Attorney costs were mandatory and thus properly imposed. *See* § 938.27(8), Fla. Stat. (2022) ("Costs for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged . . . ."); *Parks v. State*, 411 So. 3d 414, 419 (Fla. 2025). However, the $200 investigative costs for the Manatee County Sheriff's Office under section 938.27(1) were discretionary and were not orally imposed by the trial court or supported by evidence from the State.[1] *See Parks*, 411 So. 3d at 419 ("It is axiomatic that costs not mandated in a

---

[1] The State orally requested "cost of investigation to MSO" without specifying an amount or referring to any documentation. The trial court orally awarded "cost of investigation" but did not specify an amount. The $200 amount first appeared in a handwritten notation on an amended "cost worksheet," and then it appeared on the official final judgment for fines and costs, signed by the trial judge.

2

minimum amount set by statute[, such as investigative costs provided for in section 938.27(1),] will have to be requested—and established—by the State."); *Allen v. State*, 421 So. 3d 708, 711 (Fla. 4th DCA 2025) (providing that discretionary investigative costs must be supported by competent, substantial evidence and must be orally pronounced at sentencing); *Peterson v. State*, 395 So. 3d 543, 545-56 (Fla. 4th DCA 2024) (holding that investigative costs were not authorized where "the State presented no evidence supporting th[e] award, including a request from the applicable police department"); *McCarthy v. State*, 893 So. 2d 689, 690 (Fla. 5th DCA 2005) (directing that investigative costs be stricken because "neither the State Attorney's office nor the Daytona Beach Police Department requested or documented their costs"). Accordingly, the $200 investigative costs must be stricken from the final judgment for fines and costs.

Judgment and sentence affirmed; final judgment for fines and costs reversed and remanded with instructions.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.